STATE *ex rel.* LEE TAYLOR ASHWORTH

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12266)

Submitted September 4, 1963.     Decided October 8, 1963.

*Andrew A. Raptis, Jr.,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

The relator, Lee Taylor Ashworth, a prisoner in the state penitentiary in Moundsville, invoked the original

14

jurisdiction of this Court by filing with it on July 3, 1963, his petition for a writ of habeas corpus. On July 30, 1963, a writ was issued by this Court commanding Otto C. Boles, respondent herein, to produce the body of the relator before this Court on September 4, 1963, and to show cause why he detains and restrains the relator of and from his liberty. Counsel was appointed to represent the relator in this proceeding. On September 4, 1963, this case was submitted for decision, briefs having been filed and arguments made on behalf of the parties hereto.

The petition alleges that on November 18, 1940, the relator was indicted in the Circuit Court of Lincoln County on a charge of burglary; that upon his plea of guilty to said indictment he was sentenced to life imprisonment in the penitentiary; that the sentence was imposed by a special judge on December 2, 1940; that said special judge was without jurisdiction to so sentence him because there was no order of record showing his election as special judge until December 27, 1940; and that he was without assistance of counsel.

This Court obtained from the office of the Clerk of the Circuit Court of Lincoln County certified copies of the indictments and orders pertaining to the trial and sentencing of the relator. It clearly appears that there were two indictments returned on the same day, one charging him with the crime of burglary as alleged in the petition and one charging burglary and three prior felony convictions.

The relator's claim that he was sentenced to life imprisonment on a plea of guilty to the burglary indictment is without merit. It is clearly shown in this case that a second indictment was returned on the same day, charging not only the burglary but three prior felony convictions under which, as the law was then written, he could have been sentenced to life imprisonment as an habitual criminal. There is a strong presumption in favor of the regularity of the proceeding and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed. See 7 M.J., Evidence, §26; 20

Am. Jur., Evidence, §168; 30A Am. Jur., Judgments, §28; 37 Am. Jur., Motions, §33; *Bowles* v. *Mitchell,* 146 W. Va. 474, 120 S. E. 2d 697; *Rollins* v. *Daraban,* 145 W. Va. 178, 113 S. E. 2d 369; *State ex rel. Black* v. *Pennybacker,* 144 W. Va. 612, 110 S. E. 2d 265; *State ex rel. Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456. There being no such affirmative showing by the relator, we must assume and so hold that the court sentenced the relator on the indictment charging burglary and three prior felony convictions.

The principal question involved in this proceeding is whether the special judge who imposed the sentence had jurisdiction to do so. The relator alleges in his petition, and it is not denied by the respondent, that the order sentencing him to life imprisonment in the penitentiary was dated and entered of record on December 2, 1940. By a stipulation signed by counsel for the parties hereto a certified copy of the order electing the special judge in this case was made a part of the record. According to the certification by the Clerk of the Circuit Court of Lincoln County, that order was entered in the law order book in said clerk's office on December 27, 1940. This stipulation supports the allegation in the petition relative to the election of the special judge.

Courts of record can speak only by their records, and what does not so appear does not exist in law. *State* v. *Underwood,* 130 W. Va. 166, 43 S. E. 2d 61; *Powers* v. *Trent,* 129 W. Va. 427, 40 S. E. 2d 837; *State ex rel. Bika* v. *Ashworth,* 128 W. Va. 1, 35 S. E. 2d 351; *Bloyd* v. *Scroggins,* 123 W. Va. 241, 15 S. E. 2d 600; *Meyers* v. *Washington Heights Land Co.,* 107 W. Va. 632, 149 S. E. 819; *Charleston Trust Company* v. *Todd,* 101 W. Va. 31, 131 S. E. 638. The records in the office of the Clerk of the Circuit Court of Lincoln County affirmatively show that the special judge who entered the sentencing order on December 2, 1940, was not elected special judge until December 27, 1940. Nothing to the contrary appears in the record of this case. These facts are alleged in the petition and are admitted by reason of respondent's demurrer

thereto. In the absence of an entry of record on or before December 2, 1940, showing his election, it is clear that the special judge was without jurisdiction to impose such sentence.

The respondent, contending that an objection to the authority of the special judge can not be raised for the first time in this Court, relies on Point 1 of the syllabus of *State ex rel. Black* v. *Pennybacker*, 144 W. Va. 612, 110 S. E. 2d 265, which reads as follows: "Where a person other than a regular judge has tried a case in the circuit court, and no objection was made on the trial to his authority, and the record is silent as to the mode of his appointment or selection, no objection to his authority can be raised in this Court for the first time, provided, that under the Constitution and laws he could have been elected or appointed to sit as judge in such case, as this Court, in such case, will presume that he was legally elected or appointed."

It is important to note that the presumption of legality in the election of a special judge exists only when the record is silent as to the mode of his election. In fact, in the *Pennybacker* case, the Court expressly held that where it appears affirmatively from the record that the special judge has not been elected in accordance with the requirements of Code, 51-2-10, the question of his authority to act as special judge may be raised for the first time in this Court.

While we are not confronted in the instant case with the mode of the election of the special judge, we have before us the urgent question of whether, in view of the record, there was a special judge at all when the relator's sentence was imposed. The record is not silent in this regard. It shows affirmatively that the special judge was elected on December 27, 1940, twenty-five days after his entry of the order imposing a life sentence. Since a court of record can speak only by its records, it is obvious that the special judge in this case was without jurisdiction to impose sentence upon the relator.

Accordingly, the Court holds that the sentence under which the relator is now imprisoned is void. One imprisoned in consequence of a sentence which is void may obtain his release from such imprisonment by a habeas corpus proceeding. *State ex rel. Browning* v. *Boles* (decided this term of court); *State ex rel. Browning* v. *Tucker*, 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Firestone* v. *Adams*, 145 W. Va. 194, 113 S. E. 2d 830.

For the reasons stated herein, the writ as prayed for is awarded and the respondent is ordered to release the relator forthwith.

> *Writ awarded;*
> *prisoner discharged.*