STATE *ex rel.* WILLIAM K. POWERS

*v.*

OTTO C. BOLES, *Warden, etc.*

(No. 12351)

Submitted September 2, 1964.   Decided September 29, 1964.

*Samuel D. Littlepage, Harry F. Thompson, Jr.,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

In this proceeding in habeas corpus, William K. Powers, the relator, asserts that he is illegally detained in the state penitentiary.

On May 9, 1963, the relator entered a plea of guilty in the Circuit Court of Mason County to an indictment charging him with having obtained money and property by false pretense in violation of the provisions of Code, 1931, 61-3-24, a portion of which is as follows: "If any person obtain from another, by any false pretense, token or representation, with intent to defraud, money, goods or other property which may be the subject of larceny * * *; every person so offending against any of the provisions of this section shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than five years, * * *."

It is asserted in behalf of the relator and admitted by the attorney general that the circuit court imposed an improper sentence of from one to ten years instead of a proper sentence of from one to five years.

The sentence imposed, not being in conformity with or authorized by the statute, is void and may be superseded by a new sentence in conformity with the statute. The new sentence may be imposed even though the relator has served a portion of the void sentence and even though the term of court at which it was pronounced has adjourned. The relator in these circumstances is entitled to be released from his imprisonment pursuant to the void sentence, but without prejudice to the right of the state to proceed further against him to impose a proper and valid sentence in a manner provided by law. In the event a new and valid sentence is imposed upon the relator pursuant to his plea of guilty heretofore entered, the court, in its discretion, may allow him credit on such sentence for the period of his prior imprisonment in connection with the offense charged in the indictment. *State ex rel. Boner* v. *Boles, Warden,* 148, W. Va. 802, 137 S. E. 2d 418; *State ex rel. Nicholson* v. *Boles, Warden,* 148 W. Va. 229, 134 S. E. 2d 576.

The relator previously applied to the Circuit Court of Mason County, the court in which he had been indicted and sentenced, for a writ of habeas corpus upon essentially the same grounds as those asserted in the proceeding in this Court. The circuit court appointed counsel to represent the relator in the habeas corpus proceeding, set the case for hearing and arranged for the prisoner's return from the penitentiary to attend the hearing. On the day set for the hearing, the relator, appearing in person and by counsel, moved to dismiss the proceeding. The motion was granted and the proceeding was dismissed. Thereafter the petition was filed in this Court and the same attorney, Honorable Samuel D. Littlepage, was designated and appointed to represent the relator in the proceeding in this Court. The case was submitted to the Court on written briefs and without oral argument. Counsel assigned to represent the relator

filed a brief in which he ably demonstrated the invalidity of the sentence as set forth above.

A separate brief was filed in this Court by Attorney Harry F. Thompson, Jr., who apparently was employed privately in behalf of the relator. In this brief it is asserted that "it is the defendant's position that he did not waive his right to the assistance of counsel because he did not have sufficient intelligence and understanding of the legal concepts and elements of the offense charged in order to properly enter a plea in this case."

The petition for a writ of habeas corpus obviously was not prepared by a lawyer, but, like many others in the flood of petitions for habeas corpus flowing in a constant stream from the state penitentiary, it is so inartfully drafted as in some respects to be scarcely intelligible. The question pertaining to waiver of counsel is not readily discernible from the language of the petition. Nevertheless, in view of current concepts pertaining to the office and function of habeas corpus as a means of appraising the legal correctness of proceedings in the trial court by which the questioned sentence was pronounced, we will treat the question as one properly encompassed and raised by the petition.

It is conceded that the trial court's order correctly states that the trial judge advised the accused of his right to a trial by jury and of his right to assistance of counsel; and that the prisoner replied that he did not desire a jury trial or the assistance of counsel but that, on the contrary, he desired to enter a plea of guilty to the charge contained in the indictment. The trial court's order, therefore, discloses clearly that the accused waived his right to assistance of counsel.

The constitutional right of the defendant in a criminal case to assistance of counsel may be waived. *State ex rel. Post* v. *Boles, Warden,* 147 W. Va. 26, 124 S. E. 2d 697, certiorari denied 83 S. Ct. 57, 371 U. S. 833, 9 L. Ed. 2d 70. Whether the waiver of the right to counsel was intelligently and understandingly made is a question of fact. *Post* v. *Boles, Warden,* (W. Va.) 218 F. Supp. 658. There is neither allegation nor proof to support the contention that the

relator lacked sufficient intelligence or understanding to make a valid waiver of his right to counsel or to enter a proper plea of guilty to the charge contained in the indictment.

There is neither allegation nor proof that the trial judge failed to discharge properly his official duties in connection with the waiver of the right to counsel or the acceptance of the plea of guilty. In the absence of a proper showing to the contrary, public officers will be presumed to have performed properly duties which are imposed upon them by law. *State, etc. et al.* v. *Professional Realty Co.,* 144 W. Va. 652, pt. 5 syl., 110 S. E. 2d 616; *State ex rel. Staley* v. *Wayne County Court,* 137 W. Va. 431, pt. 2 syl., 73 S. E. 2d 827; *State ex rel. Watts* v. *Kelly et al.,* 140 W. Va. 177, pt. 1 syl., 83 S. E. 2d 465. "One of the strongest presumptions known to law is that until the contrary appears, courts are presumed to have correctly followed the required routine." *Gibson* v. *Thorn,* 122 W. Va. 716, 719, 12 S. E. 2d 535, 537. "There is a strong presumption in favor of the regularity of court proceedings and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." *State ex rel. Ashworth* v. *Boles, Warden,* 148 W. Va. 13, pt. 1 syl., 132 S. E. 2d 634. See also *State ex rel. Conley* v. *Thompson,* 100 W. Va. 253, pt. 3 syl., 130 S. E. 456; *Forest Glen Land Co.* v. *George,* 96 W. Va. 209, pt. 2 syl., 122 S. E. 543.

To be valid, a waiver of the right to counsel must be made intelligently and understandingly. The general rule with reference to the presumption of regularity of court proceedings is subject to the qualification that, where the record is silent on the question, it cannot be presumed that the accused waived the right to assistance of counsel. *Carnley* v. *Cochran, Corrections Director,* 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70. But where, as in the instant case, the record affirmatively shows that the accused expressly waived his right to the assistance of counsel, there is cast upon him the burden of proving by a preponderance of the evidence that the waiver was not made intelligently and understandingly. *Moore* v. *Michigan,* 355 U. S. 155, 78 S. Ct. 191, 2 L.

Ed. 2d 167; *Carnley* v. *Cochran, Corrections Director, supra.* The relator has not made such a showing by allegation or proof.

In the absence of any affirmative showing to the contrary, it will be presumed that the relator intelligently and understandingly waived his right to counsel; that he intelligently and understandingly entered his plea of guilty; and that the trial judge discharged all duties imposed upon him by law in permitting such waiver and in accepting the plea of guilty. A writ of habeas corpus will not be awarded in this case, therefore, on the ground that the plea of guilty or the waiver by the accused of his right to assistance of counsel was improper.

Because of the imposition of a sentence not authorized by the statute, a writ of habeas corpus is awarded and the prisoner will be discharged from his present imprisonment pursuant to the void sentence, subject to the right of the State of West Virginia to invoke any lawful means that may be available to it to cause a valid sentence to be imposed upon the relator pursuant to his previous plea of guilty.

*Writ awarded.*