STATE *ex rel.* CLARENCE MAY

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12365)

Submitted November 11, 1964.    Decided December 8, 1964.

*Timothy N. Barber,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

The petitioner, Clarence May, invoked the original jurisdiction of this Court by filing herein his petition praying for a writ of habeas corpus. The writ was granted, returnable on September 15, 1964, and counsel was appointed to represent the petitoner in this proceeding. Upon the joint motion of counsel a continuance was granted to October 13, 1964, and finally to November 10, 1964. On the latter date the respondent, pursuant to the writ issued by this Court, produced the petitioner. The Attorney General, appearing for the respondent, filed a return and .demurrer to the petition. Also filed were the affidavit of the petitioner and the affidavits of Edward F. Smith and John Paul Browning. The case was thereupon submitted for decision upon the aforesaid pleadings and affidavits and upon the arguments and briefs of counsel.

It appears from the pleadings filed in this proceeding that on May 21, 1962, the petitioner was indicted by the Grand Jury of the Circuit Court of Logan County for the crime of grand larceny; that on May 25, 1962, the petitioner entered a plea of guilty to the charge in the indictment; and that on June 28, 1962, the court sentenced the prisoner to confinement in the penitentiary for a term of from one to ten years. It is alleged by the petitioner, and is undisputed by the respondent, that at no time during such proceedings in the trial court was he afforded the assistance of counsel, nor did the court in any manner inform him of his right to such assistance.

In his affidavit filed in support of his petition, Clarence May, after setting out the above matters, says that he was not represented by counsel at any stage of the proceedings; that he did not have the financial means to employ counsel; that he did not know that he could request the aid of an attorney; that he did not knowingly waive his right to counsel; that he was not informed by the judge, prosecuting attorney or any other person that he could, upon request, have an attorney to represent him; that he had only a seventh grade education; that had he known of his right to the assistance of counsel he would have requested such assistance; and that had he been so represented he believes that the outcome of his case would have been substantially altered. The affidavits of Edward F. Smith and John Paul Browning support the allegations of the petitioner.

It is here contended by the petitioner that the failure of the trial court to provide him with the assistance of counsel deprived him of his constitutional rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States. The respondent, on the other hand, says that the only right guaranteed to the petitioner was the right to demand the assistance of counsel; that he made no such demand; and that his failure to do so and his entry of a guilty plea to the charge against him constituted a waiver of that right. Thus, the question is squarely presented as to whether the due process clause of the Fourteenth Amendment requires that counsel be appointed to represent an indigent defendant accused in a state criminal prosecution.

The decision in this proceeding is controlled by the recent decision of the Supreme Court in *Gideon* v. *Wainwright*, 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R. 2d 733. In that case the Court has unequivocally laid down the rule that the right to the assistance of counsel is a fundamental right, essential to a fair trial, and that by reason thereof the safeguard provided by the Sixth Amendment is made obligatory upon the states under the due process clause of the Fourteenth Amendment. By adopting this rule the Court has settled and laid to rest a continuing source of contro-

versy and litigation which has taken place in both state and federal courts.

It has been settled since 1938, when the Court decided *Johnson* v. *Zerbst*, 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357, that one charged with a crime in a federal court has a constitutionally protected right to the assistance of counsel. Therein the Court held that since the Sixth Amendment constitutionally entitles one charged with a crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. The *Gideon* case imposes a like rule upon criminal prosecutions in state courts.

As early as 1932, in *Powell* v. *Alabama*, 287 U. S. 45, 77 L. Ed. 158, 53 S. Ct. 55, 84 A.L.R. 527, the Supreme Court recognized that under certain circumstances the failure to furnish the assistance of counsel to indigent defendants charged with a crime in a state court constituted an infringement of the due process clause of the Fourteenth Amendment. However, in 1942, in *Betts* v. *Brady*, 316 U. S. 455, 86 L. Ed. 1595, 62 S. Ct. 1252, the Court, in a six to three decision, held that "appointment of counsel is not a fundamental right, essential to a fair trial." It concluded therefrom that the right to the assistance of counsel in a state criminal prosecution is not a right afforded the protection of the due process clause of the Fourteenth Amendment.

The rule laid down in *Betts* v. *Brady, supra,* continued to reflect the law in relation to one's constitutional right to counsel in state courts. There were thereafter numerous deviations from this rule, however, depending upon certain factual situations arising in the cases. *Rice* v. *Olson*, 324 U. S. 786, 89 L. Ed. 1367, 65 S. Ct. 989; *Uveges* v. *Pennsylvania,* 335 U. S. 437, 93 L. Ed. 127, 69 S. Ct. 184; *Moore* v. *Michigan,* 355 U. S. 155, 2 L. Ed. 2d 167, 78 S. Ct. 191. These deviations tended to show that the Court was in the process of reconsidering its decision in *Betts* v. *Brady, supra.* In 1963 the Supreme Court took the final step, in *Gideon* v. *Wainwright, supra,* wherein it expressly overruled the *Betts* case. Since that landmark decision the law is settled that.

an accused in a state court has a constitutionally protected right to the assistance of counsel.

By reason of the vital departure taken by the Supreme Court in the *Gideon* case, we believe that it is advisable to quote certain language which reflects the rationale of the Court in arriving at its decision. Therein the Court said: "The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him. A defendant's need for a lawyer is nowhere better stated than in the moving words of Mr. Justice Sutherland in *Powell* v. *Alabama:*

" 'The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.' * * *".

It now becomes essential to consider the position of the respondent that the failure of the petitioner to request counsel and his entry of a guilty plea constituted a waiver of his right to the assistance of counsel. In view of the rule laid down in the *Gideon* case and the clear rationale thereof, the

contention of the respondent is without merit. Furthermore, the Supreme Court has spoken quite clearly on the matter of waiver of right to counsel. In *Johnson* v. *Zerbst, supra,* the Court commenting on such waiver said, "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights' ". As related herein, it was decided in the *Gideon* case that the right to the assistance of counsel is a fundamental constitutional right.

In *Carnley* v. *Cochran,* 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884, the Court held that the principles declared in *Johnson* v. *Zerbst, supra,* were equally applicable to asserted waivers of the right to counsel in state criminal proceedings. It was further held in the *Carnley* case that the due process clause of the Fourteenth Amendment will not permit a presumption of waiver of counsel from a guilty plea. Quoting from *Rice* v. *Olson, supra,* the Court said, "A defendant who pleads guilty is entitled to the benefit of counsel, and a request for counsel is not necessary." Commenting further on the matter of waiver the Court said, "Presuming waiver from a silent record is impermissible." It held that the record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. See also *Uveges* v. *Pennsylvania, supra.*

This Court has recently spoken on the matter of presumption of waiver of counsel. In *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159, the Court said: "To be valid, a waiver of the right to counsel must be made intelligently and understandingly. The general rule with reference to the presumption of regularity of court proceedings is subject to the qualification that, where the record is silent on the question, it cannot be presumed that the accused waived the right to assistance of counsel. *Carnley* v. *Cochran, Corrections Director,* 369 U. S. 506, 82 S. Ct. 844, 8 L. Ed. 2d 70." Clearly the general rule presuming the regularity of court proceedings has now been qualified in relation to the question of waiver of assistance of counsel by an

accused. Application of this recent deviation from the general rule to the case under consideration precludes us from presuming that the petitioner, by reason of a silent record, has waived his right to counsel.

The conclusion which must be reached in the instant proceeding is plainly required by the Supreme Court's recent disposition of *Doughty* v. *Maxwell,* 376 U. S. 202, 11 L. Ed. 2d 650, 84 S. Ct. 702. Doughty was indicted for rape and, without ever requesting counsel, entered a plea of guilty to the charge. Upon being imprisoned he sought habeas corpus in the state courts of Ohio, alleging that his right to counsel had been infringed. Upon the rejection of his petition he sought and obtained review by certiorari in the Supreme Court. That Court, in a brief per curiam opinion, reversed and remanded the Ohio judgment for "further consideration in the light of *Gideon* v. *Wainright*". On remand the Ohio Court adhered to its previous decision, concluding that the *Gideon* case was not dispositive because Doughty had failed to request the assistance of counsel. This decision in the Supreme Court summarily reversed on the authority of the *Gideon* and *Carnley* cases. See also *United States* v. *LaVallee,* 330 F. 2d 303, Certiorari denied June 22, 1964, 84 S. Ct. 1921.

We are not unaware of the decisions of this Court which have held that a waiver of the right to counsel will be presumed from the failure to request counsel, a record silent as to a request for counsel, or the entry of a guilty plea. *State* v. *Kellison,* 56 W. Va. 690, 47 S. E. 166; *State* v. *Briggs,* 58 W. Va. 291, 52 S. E. 218; *State* v. *Yoes,* 67 W. Va. 546, 68 S. E. 181, 140 Am. St. Rep. 978; *Wade* v. *Skeen,* 140 W. Va. 565, 85 S. E. 2d 845.

However, in the light of *Gideon* v. *Wainwright, supra,* and *Carnley* v. *Cochran, supra,* and further, in view of the disposition made by the Supreme Court of *Doughty* v. *Maxwell, supra,* and the ruling of this Court in *State ex rel. Powers* v. *Boles, supra,* we feel constrained to hold that a state conviction can not stand when founded on a guilty plea by a defendant unaware of his right to counsel or on a record silent as to the matter of assistance of counsel. Therefore,

to the extent that the holdings and statements in the opinions in *State* v. *Kellison, supra, State* v. *Briggs, supra, State* v. *Yoes, supra, Wade* v. *Skeen, supra,* and any other such rulings of this Court, are inconsistent or in conflict with this opinion, such holdings are overruled and such statements are disapproved.

In the instant case the petitioner entered a plea of guilty to a charge of grand larceny, at which time he did not have the assistance of counsel. The court records are silent on the matter of counsel. The affidavit of the petitioner and supporting affidavits reveal that he did not waive counsel and that the court did not inform him of his right to the assistance of counsel. Neither the allegations of the petitioner nor the proof offered by the affidavits is disputed. In view of these circumstances and of the authorities cited and reasons stated herein, we are of the opinion that the constitutional rights of this petitioner have been violated. This being so, the trial court was without jurisdiction to impose this sentence.

Accordingly, we hold that the sentence under which the petitioner is now imprisoned is void. It is well established that one imprisoned in consequence of a sentence which is void may obtain his release from such imprisonment by a writ of habeas corpus. *State ex rel. Nicholson* v. *Boles,* 148 W. Va. 229, 134 S. E. 2d 576; *State ex rel. Ashworth* v. *Boles,* 148 W. Va. 13, 132 S. E. 2d 634; *State ex rel. Browning* v. *Boles,* 147 W. Va. 878, 132 S. E. 2d 505; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Firestone* v. *Adams,* 145 W. Va. 194, 113 S. E. 2d 830.

The writ prayed for is awarded and the respondent is ordered to release the petitioner forthwith.

> *Writ awarded;*
> *prisoner discharged.*