STATE *Ex Rel.* EVERETT CALLOWAY

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12399)

Submitted February 2, 1965.    Decided February 23, 1965.

*John C. Valentine,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

This is an original habeas corpus proceeding instituted in this Court in which the petitioner, Everett Calloway, seeks

a writ to require the respondent, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from the penitentiary where he is now confined and is serving an indeterminate sentence of from two to ten years. This sentence was pronounced by the Circuit Court of Logan County by its order entered on October 18, 1958.

Upon the issuance of the writ, returnable February 2, 1965, this Court appointed counsel to represent the petitioner. Pursuant to the writ the respondent, on the return day, produced the petitioner and filed his return to the petition, but made no formal defense to the writ. The matter thereupon was submitted for decision upon the petition and return and upon the brief and argument of counsel for the petitioner.

It appears from the pleadings filed in this proceeding that on September 10, 1958, the petitioner was indicted by the Grand Jury of Logan County for the crime of forgery; that on September 12, 1958, he entered a plea of guilty to the charge in the indictment; and that on October 18, 1958, the court sentenced the petitioner to confinement in the penitentiary for a term of from two to ten years.

It is alleged by the petitioner that at no time during the proceedings in the trial court was he afforded the assistance of counsel, and that the court did not in any manner inform him of his right to such assistance. Furthermore, nothing in the record indicates that the petitioner waived his right to counsel. These allegations, undisputed by the respondent, form the basis of the petitioner's contention that the denial of the assistance of counsel constitutes a violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States, and that the sentence under which he is confined is therefore void and of no legal effect.

In *State ex rel. May* v. *Boles, Warden,* 149 W. Va. 155, 139 S. E. 2d 177, this Court held that the right to the assistance of counsel is a fundamental right and will not be presumed to have been waived by the failure of the accused to request counsel. Neither will the right be presumed to

have been waived by the entry of a guilty plea nor by reason of a record silent on the matter of counsel.

Inasmuch as this record is silent on the matter of counsel and the allegations of the petition are undisputed, this proceeding is controlled by the *May* case. Accordingly, the sentence under which the petitioner is now imprisoned is void and petitioner is entitled to his release upon the writ heretofore awarded.

*Prisoner discharged.*