State of West Virginia *ex rel.* Arlie C. White

*v.*

Otto C. Boles, *Warden, Etc.*

(No. 12403)

Submitted February 16, 1965.    Decided March 2, 1965.

*Glyn Dial Ellis,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

Calhoun, Judge:

In this original proceeding in habeas corpus, Arlie C. White, the relator, seeks to be released from his present confinement in the state penitentiary so far as his imprisonment relates to the former of two sentences. The validity of the latter of the two sentences is not assailed in this proceeding.

On January 17, 1962, the relator entered his plea of guilty to an indictment for forgery pending in the Circuit Court of Logan County and, on February 24, 1962, he was sentenced by that court to confinement in the state penitentiary for an indeterminate period of from two to ten years. Subsequently he was released from the penitentiary on parole. While on parole, he was, on May 13, 1964, again indicted for forgery by a grand jury of the Circuit Court of Logan County. On May 25, 1964, he appeared before the court in person and by counsel, entered a plea of guilty to the latter indictment and was sentenced by the court on that day to confinement in the state penitentiary for an indeterminate period of from one to ten years, the penalty for the offense of forgery having been changed since the date of the former sentence. The sentence imposed on May 25,

1964, provided that it should run concurrently with the sentence imposed on February 24, 1962.

In his habeas corpus petition, the relator alleges that he was denied the assistance of counsel in connection with the former arraignment, plea of guilty and sentence. In the return filed in behalf of the respondent, it is admitted that the 1962 orders showing the relator's arraignment, plea of guilty and sentence are silent on the question whether he was then represented by counsel, whether he was advised of his right to assistance of counsel, and whether he intelligently and understandingly waived such right. There is no denial, therefore, of the relator's allegation and we cannot presume, upon a silent record, or from the prisoner's plea of guilty, that he waived his right to counsel.

The Court holds that, in these circumstances, the decision of this case is governed by the principles enunciated and applied in *State ex rel. May* v. *Boles, Warden, etc.*, 149 W. Va. 155, 139 S. E. 2d 177; that the sentence of February 24, 1962, is void; that the relator is relieved of his confinement in the penitentiary pursuant to the void sentence; but that he is not entitled to be released from the penitentiary so far as it relates to the sentence imposed on May 25, 1964, the validity of which has not been questioned. The relator is, therefore, remanded to the state penitentiary and to the custody of the respondent to continue his imprisonment pursuant to the sentence of May 25, 1964, the validity of which has not been questioned.

*Prisoner remanded.*