State *Ex Rel.* Wilbert Rider

*v.*

Otto C. Boles, *Warden,* West Virginia Penitentiary

(No. 12426)

Submitted February 16, 1965.      Decided March 2, 1965.

*C. R. Hill, Jr.,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

In this original habeas corpus proceeding instituted in this Court on January 23, 1965, the petitioner, Wilbert Rider, seeks a writ to compel the respondent, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from custody. A writ was issued by this Court on February 1, 1965. Counsel was appointed to represent the petitioner and the writ was made returnable on February 16, 1965.

The respondent filed his return and demurrer to the petition and, on the return day, brought the petitioner before this Court. On February 16, 1965, this proceeding was submitted for decision upon the aforesaid pleadings, upon the brief of the respondent and upon the arguments of counsel for the parties.

On August 13, 1963, the Grand Jury of Fayette County returned an indictment against the petitioner, charging him with the commission of the crime of grand larceny. The petitioner was arraigned on August 16, 1963, at which time he entered a plea of guilty and requested that he be considered for probation. The court accepted the petitioner's plea and took under advisement his request for probation. Subsequently, on March 19, 1964, the court denied probation and sentenced the petitioner to confinement in the state penitentiary for a term of from one to ten years, allowing him credit upon the sentence for the time spent in jail.

It is alleged by the petitioner that he did not have the assistance of counsel and that he was not informed by the

court of his right to such assistance. This, he asserts, constitutes a violation of his constitutional rights under the provisions of the Fourteenth Amendment to the Constitution of the United States, and entitles him to the relief sought.

The return to the petition, filed by the respondent, contains as an exhibit a certified copy of the order of August 16, 1963, showing the entry of a guilty plea by the petitioner. An examination of that order reveals that the court fully explained to the defendant (petitioner here) the nature of the charge contained in the indictment and the possible sentence that could be imposed upon him. The court further advised him of his right to an attorney to assist him and offered to appoint counsel for that purpose. The order further shows that the defendant informed the court that he fully understood what the court had explained and advised, that he was over twenty one years of age and that he desired to waive his right to the assistance of counsel, requesting that he be considered for probation.

In the circumstances of this case the petitioner is not entitled to the relief prayed for. The right to the assistance of counsel, while a fundamental right protected by the provisions of the Fourteenth Amendment to the Constitution of the United States, may be waived by an accused if such waiver is made intelligently and understandingly. *State ex rel. May v. Boles, Warden,* 149 W. Va. 155, 139 S. E. 2d 159.

The order of the trial court, referred to above, is not silent on the matter of counsel for the accused. With clarity it reveals that the court, after explaining the nature of the charge and the possible consequences thereof, advised the petitioner of his right to the assistance of counsel and offered such assistance. With equal clarity the order shows that with full understanding of the proceeding against him, the petitioner waived his right to counsel. It is obvious that this petitioner had full knowledge of the consequences of his plea. With complete understanding he admitted his guilt and relied upon his request for probation.

It affirmatively appearing in the order of the trial court that the petitioner was advised of his right to the assistance

of counsel and that he intelligently and understandingly waived such right, the contention of the petitioner is without merit. Therefore, the petitioner is remanded to the custody of the respondent.

*Prisoner remanded.*