STATE *Ex Rel.* GEORGE H. MASSEY, JR.

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12407)

Submitted February 16, 1965.      Decided March 9, 1965.

*C. R. Hill, Jr.,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

The petitioner, George H. Massey, Jr., filed this habeas corpus proceeding in this Court under its original jurisdiction, and seeks to have the sentence imposed upon him under the recidivist statute corrected. It is the contention of the petitioner that he was not duly cautioned before the imposition of the additional sentence of five years as required by the mandatory provisions of Code, 61-11-19, as amended. A writ was issued by this Court on December 11, 1964, returnable February 16, 1965, and counsel was appointed to represent the petitioner.

The defendant filed a return and demurred to this petition. The case was submitted for decision upon arguments and briefs on February 16, 1965.

The petitioner was indicted at the July, 1959, term of the Circuit Court of Fayette County, West Virginia, for the crime of murder. He pleaded guilty to second degree murder, which carries a sentence of five to eighteen years. After being sent to the Weston State Hospital for psychiatric examination and being found to know right from wrong, he was returned to the Circuit Court of Fayette County and the prosecuting attorney filed an information setting forth a previous conviction for a felony in Kanawha County in 1954, all of which was done at the same term of Court. The trial court ascertained that the petitioner was the same person mentioned in the information, and thereupon sentenced him to five to twenty-three years in the penitentiary.

The court order is silent as to whether the petitioner was duly cautioned, and the question is presented as to whether it can be presumed that the trial court performed its duty

as required by law before sentencing the petitioner. It is the contention of the petitioner that it must affirmatively appear from the record that he was duly cautioned, whereas, the defendant contends that "duly cautioned" is a statutory requirement and not a constitutional one such as the right to the assistance of counsel.

It has been held that the right of an accused to the assistance of counsel is a fundamental right, the denial of which constitutes a violation of specific provisions of both the State and Federal Constitutions, that such right will not be presumed to have been waived, and that it must affirmatively appear from the record that such right was fully explained to the accused by the trial court. *State ex rel. May* v. *Boles, Warden,* 149 W. Va. 155, 139 S. E. 2d 177. However, it has not been held that the statutory right to be "duly cautioned" in a recidivist proceeding must affirmatively appear from the record, and the *May* case only qualifies the general rule which presumes regularity of court proceeding to the constitutional right to the assistance of counsel.

The petitioner relies on the recent case of *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851, to support his position, but the *Beckett* case merely held that where it affirmatively appears from a transcript of the original trial proceeding that the accused was not "duly cautioned" in a recidivist proceeding the additional sentence imposed under the recidivist statute was void.

In the case at bar no affidavit or other evidence was submitted to be considered by the court. The petition contains a statement that the trial court failed to duly caution the petitioner and inform him of his rights. The return filed by the defendant answers the petition and states that the petitioner is legally confined in the West Virginia State Penitentiary. The demurrer filed by the defendant states that the petition filed in this proceeding is not sufficient in law because it does not affirmatively appear from the record of petitioner's trial that the trial court did not fully comply with the provisions of the statute in question by failing to duly caution him.

It should be pointed out that even before a writ of habeas corpus should be granted in the first instance under the statute pertaining thereto application must be made " * * * *by petition, showing by affidavit or other evidence probable cause to believe that he is detained without lawful authority."* Code, 53-4-1.

It is a general rule that orders and decrees of a court dealing with subject matter within its jurisdiction are not open to collateral attack, except for want of jurisdiction and there is a presumption in favor of the jurisdiction of a court of general jurisdiction. *Lemley* v. *Wetzel Coal and Coke Co.*, 82 W. Va. 153, 95 S. E. 646; *State ex rel. Powers* v. *Boles*, 149 W. Va. 6, 138 S. E. 2d 159.

A statement from 15 R.C.L., Judgments, Section 373, has been quoted with approval by this Court on several occasions in the following language: "According to the common law rule, adhered to at the present time in most of the states, the presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done but that it was rightly done. * * *" *Lemley* v. *Wetzel Coal and Coke Co.*, 82 W. Va. 153, 157, 95 S. E. 646; *State ex rel. Browning* v. *Tucker*, 142 W. Va. 830, 837, 98 S. E. 2d 740.

It has been held by this Court that one of the strongest presumptions known to the law is that courts are presumed to have correctly followed the requirements of the law. *Gibson* v. *Thorn*, 122 W. Va. 716, 12 S. E. 2d 535; *State ex rel. Powers* v. *Boles*, 149 W. Va. 6, 138 S. E. 2d 159. Furthermore, it has also been held by this Court that the strong presumption in favor of the regularity of court proceedings remains until the contrary appears, and that the burden is on the person who alleges such irregularity to affirmatively show it. *State ex rel. Ashworth* v. *Boles*, 148 W. Va. 13, 132 S. E. 2d 634; *State ex rel. Powers* v. *Boles, supra.*

The exact question involved in the case at bar was presented to this Court in the case of *State ex rel. Lovejoy* v. *Skeen*, 138 W. Va. 901, 78 S. E. 2d 456, wherein it was held that the failure of the court to show by its order that the accused was "duly cautioned" as required by the recidivist statute, Code, 61-11-19, as amended, did not render the judgment void. It was further held in the *Lovejoy* case that in the absence of a showing otherwise, it is assumed that a court will do its duty and comply with the provisions of the law.

The only indication in this present matter that the court did not *duly caution* the petitioner, as required by the recidivist statute, is a statement in his petition which would perhaps be classified as a legal conclusion in the pleading. It is, in effect, denied in the defendant's return wherein it is stated that the petitioner is legally confined in the penitentiary and no evidence whatsoever was presented to prove the allegation contained in the petition.

Under the authorities cited herein applicable to such matters, the defendant's demurrer to the petition is sustained for the reason that said petition is not sufficient in law as indicated in Code, 53-4-1, and the copy of the court order attached to and made a part of the petition being silent as to whether the trial court "duly cautioned" the petitioner, as required by Code, 61-11-19, as amended, it is presumed that the court performed its duties in all respects. *Lemley* v. *Wetzel Coal and Coke Co., supra; State ex rel. Lovejoy* v. *Skeen, supra; State ex rel. Browning* v. *Tucker, supra.*

For the reasons set out herein, the prayer contained in the petition is denied and the petitioner is remanded to the custody of the defendant.

*Prisoner remanded.*