STATE OF WEST VIRGINIA *ex rel.* CARL FOUNTAIN

*v.*

FRANK B. KING, *Warden,* MEDIUM SECURITY PRISON, HUTTONSVILLE, WEST VIRGINIA

(No. 12436)

Submitted April 27, 1965.        Decided May 11, 1965.

*Glyn Dial Ellis,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

On January 19, 1959, Carl Fountain, the relator in this habeas corpus proceeding, appearing in person and by

counsel in the Circuit Court of Logan County, entered a plea of guilty to a charge of felonious assault contained in an indictment pending against him in that court. At the same term of court and before sentence was pronounced, the prosecuting attorney presented to the court and filed an information, pursuant to the habitual criminal statutes of this state, charging that the relator, Carl Fountain, had been convicted of a felony on July 12, 1954, upon his plea of guilty, in the Circuit Court of Calhoun County, in the State of Michigan, and that he was sentenced pursuant to that conviction to imprisonment for a term of not less than two nor more than fifteen years.

The prisoner, Carl Fountain, appeared in person and by counsel in the Circuit Court of Logan County in relation to the charge contained in the information. A court order discloses that the court duly cautioned the prisoner at length concerning the import of the information and of his rights in relation thereto. The prisoner thereafter acknowledged in open court that he had been previously convicted of a felony as charged in the information. Thereupon the court sentenced the prisoner to confinement in the penitentiary of this state for an indeterminate period of from two to fifteen years, which sentence included an additional period of five years because of the prior felony conviction in the State of Michigan.

In this original proceeding in habeas corpus, the relator does not challenge the validity of his conviction of a felony upon his plea of guilty in the Circuit Court of Logan County. He challenges only the validity of the conviction in the State of Michigan. In his habeas corpus petition, he alleges that he did not have the assistance of counsel and that he was not advised of his right to assistance of counsel in connection with his plea of guilty in Michigan. In an affidavit filed in this Court, he states that his plea of guilty which formed the basis of the Michigan conviction was not made intelligently and understandingly.

Upon presentation of the petition, this Court on March 1, 1965, issued a writ of habeas corpus pursuant to Code, 1931, Chapter 53, Article 4, returnable to April 27, 1965;

and appointed to represent the relator in this habeas corpus proceeding Glyn Dial Ellis, an attorney of Logan, West Virginia, who had represented the relator in all proceedings in the Circuit Court of Logan County. The respondent, Frank B. King, Warden of the West Virginia Medium Security Prison, produced the prisoner before the Court, pursuant to the command of the writ of habeas corpus, and filed a demurrer and a return to the habeas corpus petition. The case was submitted to this Court for decision upon the pleadings and exhibits filed therewith and upon briefs and oral arguments of counsel.

A person accused of a crime may waive his constitutional right to assistance of counsel and his constitutional right to trial by jury, if such waivers are made intelligently and understandingly. *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, pt. 5 syl. 138 S. E. 2d 159; *State ex rel. May* v. *Boles,* 149 W. Va. 155, pt. 5 syl., 139 S. E. 2d 177; *State ex rel. Rider* v. *Boles,* 149 W. Va. 282, pt. 1 syl., 140 S. E. 2d 611. There is a strong presumption in favor of the regularity of court proceedings and the burden is on one who alleges irregularity to show affirmatively that irregularity existed. *State ex rel. Ashworth* v. *Boles,* 148 W. Va. 13, pt. 1 syl., 132 S. E. 2d 634; *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159, 162; *State ex rel. Massey* v. *Boles,* 149 W. Va. 292, pt. 1 syl., 140 S. E. 2d 608. The general rule which presumes the regularity of court proceedings is subject to the qualification that, where the record is silent on the question, it cannot be presumed that the accused waived his right to the assistance of counsel. *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159, 162; *State ex rel. May* v. *Boles,* 149 W. Va. 155, pt. 4 syl., 139 S. E. 2d 177. In accordance with the general rule stated above, this Court recently has held: "Where the record affirmatively discloses that a person accused of a crime expressly waived his constitutional right to assistance of counsel and his constitutional right to trial by jury and entered a plea of guilty to the charge, such waivers and such plea of guilty will not be held in a habeas corpus proceeding to be void on the ground that such waivers

were not made intelligently and understandingly or that
the plea of guilty was not entered intelligently and under-
standingly, unless such contentions are supported by
proper allegations and by a preponderance of the evidence."
*State ex rel. Powers* v. *Boles,* 149 W. Va. 6, pt. 6 syl., 138
S. E. 2d 159.

The record includes an affidavit by the relator in which
he states that he received "eight years of formal schooling,"
that he completed "an army course as a surgical technician,"
as well as a sign painting course in Michigan and that he
is "skilled in art murals, landscapes, etc. * * *." The
return filed by the respondent includes as an exhibit a
duly authenticated transcript of the proceedings in the
court in Michigan in connection with the relator's plea
of guilty. This transcript discloses that the information
containing the felony charge to which the prisoner entered
his plea of guilty was read to him and that thereafter, in
open court, the assistant prosecuting attorney propounded
questions and the relator made answers as follows:

"Q—Mr. Fountain, have you an attorney?

"A—No, sir.

"Q—You understand that under our law you
have a right to be represented by an attorney?

"A—Yes, sir.

"Q—And you understand that under the law
you have a right to a trial by jury, if you so desire?

"A—Yes, sir.

"Q—And if you haven't sufficient funds to get
an attorney, the Court would appoint an attorney
for you, you understand that?

"A—Yes, sir.

"Q—Or you can waive those rights and enter a
plea. Now what is your desire, do you want an
attorney and a trial, or do you want to enter a plea?

"A—I will enter a plea.

"Q—Now this information charges you with the
crime of assault with intent to rob, and that is a

crime that could get a maximum of 15 years at Jackson. Now to this information, what do you plead, guilty or not guilty?

"A—Guilty.

"Q—In entering that plea of guilty, do you do that of your own free will?

"A—Yes, sir.

"Q—In other words, there hasn't any officer or anyone in authority made you any promises of lenience?

"A—No.

"Q—And no officer or anyone in authority has used any force or coercion upon you to get you to enter a plea?

"A—No, sir."

The Court therefore holds that the record affirmatively discloses that the relator intelligently and understandingly waived his constitutional right to assistance of counsel and that he intelligently and understandingly entered a plea of guilty to the felony charge in the Circuit Court of Calhoun County, in the State of Michigan. As a matter of fact, counsel assigned to represent the relator in this proceeding has stated with commendable honesty that he cannot conscientiously contend that the relator's contention is supported or justified by the record before the Court in this case.

For reasons stated, the relief prayed for in the habeas corpus petition is denied and the prisoner, Carl Fountain, is remanded to the custody of the warden of the medium security prison at Huttonsville to continue serving the sentence imposed upon him by the Circuit Court of Logan County.

*Prisoner remanded.*