# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0344** (Fayette County 14-F-234)

**Marvin L. White,**
**Defendant Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Marvin L. White, by counsel Matthew D. Brummond, appeals the Circuit Court of Fayette County's March 11, 2015, order sentencing him to consecutive prison terms of one to five years for one count of felony conspiracy and one to fifteen years for one count of burglary. The State, by counsel Lara Kay Omps-Botteicher, filed a response. Petitioner filed a reply and a notice of additional authorities. On appeal, petitioner alleges two assignments of error: (1) that the circuit court erred in denying his motion to strike a prospective juror for cause, and (2) that the circuit court violated his constitutional right to self-representation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the Fayette County Grand Jury indicted petitioner and a co-defendant on two felony charges: (1) conspiracy to commit burglary in violation of West Virginia Code § 61-10-31, and (2) burglary in violation of West Virginia Code § 61-3-11. The charges related to the unlawful breaking and entering of a home in Fayette County that occurred in April of 2014. Thereafter, petitioner was arraigned in the Circuit Court of Fayette County. By that time, E. Scott Stanton had been appointed as petitioner's counsel.[1] Following the indictment, Mr. Stanton engaged in discovery with the State and filed several motions on his client's behalf.

In October of 2014, petitioner, pro se, filed four hand-written motions and a hand-written petition for his attorney to provide him with discovery. One of the four pro se motions was a "request to be appointed as co-counsel[.]" A few days after those documents were filed, Mr. Stanton moved to withdraw as petitioner's counsel.

---

[1] It is unclear from the record on appeal when Mr. Stanton was appointed to represent petitioner in this case.

In November of 2014, the circuit court held a pre-trial motions hearing. At that hearing, Mr. Stanton argued that he should be relieved as petitioner's counsel due to (1) an ethical complaint petitioner filed against him[2] and (2) petitioner's motion to serve as co-counsel, which Mr. Stanton interpreted as a motion for self-representation.[3] However, when the circuit court asked petitioner directly whether it was his "desire to have other counsel in this matter[,]" petitioner replied, "No, sir. I'm happy with [Mr. Stanton]. I just wanted him to file some motions for me[.]" The circuit court further asked petitioner, "So[,] you're going to have to have an appointed counsel; is that right?" Petitioner answered, "Yes, sir." The circuit court then engaged in a colloquy with petitioner on the issue of self-representation, which focused on petitioner's lack of legal training, experience, and education as well as the dangers of self-representation. At the conclusion of that colloquy, the circuit court denied Mr. Stanton's motion to withdraw. In so doing, the circuit court found that the attorney-client relationship had not been irretrievably broken.

In December of 2014, the circuit court held a second pre-trial motions hearing. At that hearing, petitioner's counsel argued several pre-trial motions not previously decided, none of which concerned a request by petitioner to represent himself.

In January of 2015, petitioner's jury trial commenced. Petitioner made no request to represent himself at that time. During jury voir dire, the circuit court asked the jury panel whether the immediate family of any of the prospective jurors were members of law enforcement "or in any prosecutor's office at all[.]" Prospective Juror Workman indicated that his nephew, Larry Harrah, was Fayette County's prosecuting attorney. In response to that answer, the circuit court asked Prospective Juror Workman whether his relationship with Mr. Harrah would "in any way bias or prejudice [him] for or against the State or for or against this defendant[.]" Prospective Juror Workman answered, "No, sir, it would not." Petitioner objected to Prospective Juror Workman remaining on the jury panel, and the State countered that Prospective Juror Workman was expressly unbiased and that Mr. Harrah was not personally prosecuting this case. The circuit court ultimately ruled that Prospective Juror Workman could remain on the jury panel. However, petitioner thereafter employed a peremptory strike to remove Prospective Juror Workman. The trial ensued. Following deliberations, the jury returned a verdict of guilty on both counts.

Thereafter, petitioner moved for judgment notwithstanding the verdict and a new trial. In March of 2015, the circuit court held hearings on petitioner's post-trial motions, which were denied, and on the issue of sentencing. At the conclusion of the sentencing hearing, and by order

---

[2]The substance and ultimate disposition of this ethical complaint is not apparent from the record on appeal.

[3]Mr. Stanton made the following statements regarding petitioner's motion to serve as co-counsel: "[Petitioner] also filed a motion to basically serve as co-counsel, which I am interpreting as a motion to serve as his own counsel[;]" "I think that basically what he is asking is that he be permitted to serve as his own attorney[;]" and "I think he wants to serve as his own counsel[.]"

entered on March 11, 2015, the circuit court sentenced petitioner to a cumulative prison term of two to twenty years. This appeal followed.

This Court reviews challenges made to a circuit court's findings and rulings as follows:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). With regard to our review of juror qualifications, we follow a three-step standard of review:

> Our review is plenary as to legal questions such as the statutory qualifications for jurors; clearly erroneous as to whether the facts support the grounds relied upon for disqualification; and an abuse of discretion as to the reasonableness of the procedure employed and the ruling on disqualification by the trial court. *State v. Miller,* 197 W.Va. 588, 600-01, 476 S.E.2d 535, 547-48 (1996).

*State v. Sutherland*, 231 W.Va. 410, 412, 745 S.E.2d 448, 450 (2013). With these standards in mind, we turn to petitioner's two assignments of error.

On appeal, petitioner first argues that the circuit court erred in denying his motion to strike Prospective Juror Workman for cause due to his relationship with Mr. Harrah. It is axiomatic that a criminal defendant is entitled to a trial by impartial jury:

> The right to a trial by an impartial, objective jury in a criminal case is a fundamental right guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article III, Section 14, of the West Virginia Constitution. A meaningful and effective *voir dire* of the jury panel is necessary to effectuate that fundamental right.

Syl. Pt. 4, *State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981). Petitioner claims that the circuit court's denial of his motion to strike the prospective juror constitutes reversible error for which we should grant him a new trial. In support of his argument, petitioner relies upon our holding in syllabus point 4 of *State v. Beckett*, 172 W.Va. 817, 310 S.E.2d 883 (1983), that "[a] potential juror closely related by blood or marriage to either the prosecuting or defense attorneys involved in the case or to any member of their respective staffs or firms should automatically be disqualified." However, petitioner acknowledges that we have also held that

> [a] trial court's failure to remove a biased juror from a jury panel, as required by W.Va. Code § 62-3-3 (1949) (Repl.Vol.2010), does not violate a criminal defendant's right to a trial by an impartial jury if the defendant removes the juror with a peremptory strike. In order to obtain a new trial for having used a

peremptory strike to remove a biased juror from a jury panel, a criminal defendant must show prejudice. The holding in Syllabus Point 8 of *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75 (1995), is expressly overruled.

*Sutherland*, 231 W.Va. at 410, 745 S.E.2d at 448, syl. pt. 3. Further, in *State v. Rollins*, 233 W.Va. 715, 760 S.E.2d 529 (2014), we explained that "*Sutherland* makes clear that unless a criminal defendant shows prejudice, a trial court does not commit reversible error when it fails to strike a juror for cause where a party uses a peremptory strike to eliminate the offending juror from the jury panel." *Id*. at 729, 760 S.E.2d at 543.

Petitioner attempts to distinguish *Sutherland* from the facts of this case by arguing that juror bias is distinct from juror disqualification. Under this theory, petitioner requests that this Court limit the holding in *Sutherland* to biased jurors. Following a review of the record on appeal and the parties' arguments, we decline petitioner's invitation to revisit and limit our holding in *Sutherland* based on the arguments and circumstances presented in this case. Therefore, we find that *Sutherland* controls our resolution of this matter.

It is uncontested here that Prospective Juror Workman disclosed his relationship with Mr. Harrah during voir dire of the jury panel and that, following the denial of his motion to strike for cause, petitioner employed a peremptory strike that removed Prospective Juror Workman from the jury panel. It is also uncontested that the jury that decided petitioner's case was impartial. Therefore, as Prospective Juror Workman did not sit on the jury that decided petitioner's case and petitioner's jury was impartial, petitioner received both a meaningful and effective voir dire and the rights guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article III, Section 14, of the West Virginia Constitution. Moreover, because petitioner has failed to demonstrate any prejudice from his use of a peremptory strike to remove Prospective Juror Workman, we find no reversible error in the circuit court's denial of the motion to strike that prospective juror for cause.

Petitioner's second assignment of error is that the circuit court violated his constitutional right to self-representation. The law is clear that "[t]he right of self-representation is a correlative of the right to assistance of counsel guaranteed by article III, section 14 of the West Virginia Constitution." Syl. Pt. 7, *State v. Sheppard*, 172 W.Va. 656, 661, 310 S.E.2d 173, 178 (1983); see U.S. Const. amends. VI, XIV; *Faretta v. Cal.*, 422 U.S. 806 (1975) (holding that criminal defendants have constitutional right to refuse counsel and represent themselves). Indeed, "'[a] person accused of a crime may waive his constitutional right to assistance of counsel and his constitutional right to trial by jury, if such waivers are made intelligently and understandingly.' Syllabus Point 5, *State ex rel. Powers v. Boles*, 149 W.Va. 6, 138 S.E.2d 159 (1964)." Syl. Pt. 4, *State v. Surber*, 228 W.Va. 621, 723 S.E.2d 851 (2012). That said, this Court has also explained that a criminal defendant's right to self-representation is a qualified one:

> A defendant in a criminal proceeding who is mentally competent and *sui juris*, has a constitutional right to appear and defend in person without the assistance of counsel, provided that (1) he voices his desire to represent himself in a timely and unequivocal manner; (2) he elects to do so with full knowledge and understanding of his rights and of the risks involved in self-representation; and (3)

4

he exercises the right in a manner which does not disrupt or create undue delay at trial.

*Surber*, 228 W.Va. at 623, 723 S.E.2d at 855, syl. pt. 5 (citing *Sheppard*, 172 W.Va. 656, 310 S.E.2d 173, syl. pt. 8); *see Sheppard*, 172 W.Va. at 670, 310 S.E.2d at 187 (stating that "the right of self-representation is a qualified right and its exercise is subject to reasonable restrictions designed to further two important considerations: protection of other fundamental rights guaranteed the accused by the Constitution, and protection of the orderly administration of the judicial process.").

Petitioner claims to have satisfied the elements listed in *Surber* to proceed by self-representation; however, the record on appeal does not support that conclusion. *Surber* first requires that a waiver of the right to counsel and the invocation of the right to self-representation be made unequivocally. *Surber* next requires such a request to be made with the full knowledge and understanding of the rights and risks involved. Petitioner's pro se motion asked the circuit court to permit him to proceed as "co-counsel;" thus, it did not unequivocally waive his right to counsel and to seek self-representation. Further, at the hearing on this issue, petitioner made no unequivocal statement that he wished to waive his right to counsel and to proceed by self-representation. To the contrary, at that hearing, petitioner stated that he would need court-appointed counsel and that he was "happy with [Mr. Stanton]. [Petitioner] just wanted him to file some motions" in the case. Notwithstanding the attempts of Mr. Stanton and the circuit court to rephrase petitioner's motion as a request to serve as his own counsel, petitioner made no such unequivocal request to the circuit court. Further, assuming petitioner's pro se motion met the "unequivocal manner" element in *Surber*, there is no evidence that petitioner had a full understanding of the rights and risks involved in self-representation at the time he filed that motion. Based on the record before us, the circuit court explained those rights to him during its colloquy in November of 2014. Petitioner made no request to proceed by self-representation during or after that colloquy.

Given the circumstances of this case, petitioner failed to satisfy the reasonable restrictions, as set forth in *Surber*, placed upon the right of self-representation. Based on our review, we find no violation by the circuit court of petitioner's constitutional rights, and, as such, we find no merit to petitioner's second assignment of error.

For the foregoing reasons, the circuit court's March 11, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 23, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II