## Richmond.

JOHN DALEY V. COMMONWEALTH and A. P. MALES V. COM-
MONWEALTH.

March 16, 1922.

Absent, West, J.

1.  EXCEPTIONS, BILL OF—*Time Within which Bill Must be Tendered
    for Signature—Code of 1919, Section 6252.*—It is proper for
    the court to refuse to sign bills of exception not tendered within
    sixty days from the date of the final judgment, as required by
    section 6252 of the Code of 1919, which is mandatory.

2.  JUDGMENTS AND DECREES—*Sentence and Punishment—Presump-
    tion in Favor of Correctness of Judgment or Sentence.*—Where
    there are no exceptions because the bills of exception were not
    tendered to the judge for signature within sixty days from the
    date of the judgment, and no reversible error on the face of the
    record, the judgment of the trial court is presumed to be correct
    in every respect.

3.  EXCEPTIONS, BILL OF— *Time Within which Bill Must be Tendered
    for Signature—Order not Spread on the Order Book.*—Where,
    upon the date of a final judgment, the order was not actually
    spread upon the common law order book, but only a memo-
    randum thereof made by the clerk in the minute book regularly
    kept by him, the fact that the order was not entered on the
    order book and signed by the judge on the date of the judgment
    did not extend the time for the preparation and presentation
    of the bills of exception under section 6252 of the Code of 1919.

4.  RECORDS—*Minutes of Court—Order Book—Failure of Clerk to
    Record Order Immediately.*—It is not the practice in this State,
    and indeed it would be physically impossible for the clerk to
    record all of the orders on the order book immediately, or for
    the judge forthwith to sign them.   The universal practice is
    that the clerk extends the orders upon the permanent record
    of the court just as soon as possible, and they are thereafter
    read in open court and signed as orders of the date when the
    judgments were pronounced.   This practice is recognized by
    Code 1919, section 5962.

Error to a judgment of the Hustings Court of the city of Portsmouth.

*Affirmed.*

The opinion states the case.

*S. M. Brandt, Roland Thorp* and *Richard J. Davis,* for the plaintiffs in error.

*John R. Saunders, ·Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

[1, 2] John Daley and A. P. Males have each been convicted of selling ardent spirits in violation of the statute. There are six errors assigned in the petition, but they are each based upon bills of exception which are not signed by the judge of the trial court. He refused to sign them because they were not tendered within sixty days from the date of the final judgment.

The statute, Code 1919, section 6252, is mandatory, and there being no exceptions in the record before this court, and no reversible error on the face of the record, the judgment of the trial court is presumed to be correct in every respect. *Bragg* v. *Justis,* 129 Va. 354, 106 S. E. 335; *Harley* v. *Commonwealth,* 131 Va. 664, 108 S. E. 648.

[3, 4] There is a memorandum made by the judge to the effect that on the date of such final judgment, the order was not actually spread upon the common law order book of the court, but only a memorandum thereof made by the clerk in the minute book regularly kept by him in which to note the daily proceedings of the court. The fact that the order was not entered on the order book and signed by the judge on the date of the judgment does not extend the time for

the preparation and presentation of the bills of exception. It is not the practice in this State, and indeed it would be physically impossible, for the clerk to record all of the orders on the order book immediately, or for the judge forthwith to sign them. The universal practice is that the clerk extends the orders upon the permanent record of the court just as soon as possible, and they are thereafter read in open court and signed as orders of the date when the judgments were pronounced. This practice is recognized by Code 1919, section 5962, which provides, among other things, that "the proceedings of each day shall be drawn up at large, and read in open court, by the clerk thereof, at the next session of the said court, except those of the last day of a term, which shall be drawn up and read the same day. After being corrected where it is necessary, the record shall be signed by the presiding judge."

*Affirmed.*