STATE *Ex Rel.* AUBREY DUNCAN

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12406)

Submitted March 2, 1965.    Decided March 16, 1965.

*Norris Kantor,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

This is an original habeas corpus proceeding instituted in this Court on December 11, 1964, in which the petitioner, Aubrey Duncan, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from the penitentiary where he is presently confined under a sentence of imprisonment for an indeterminate term of not less than one year or more than ten years imposed by the Criminal Court of Mercer County, West Virginia, on August 13, 1962.

Upon the filing of the petition this Court issued a writ returnable February 16, 1965 and appointed counsel to represent the petitioner in this proceeding. Upon the return day of the writ, by agreement of counsel representing the respective parties and by leave of this Court, this proceeding was continued until March 2, 1965, at which time the defendant produced the petitioner in court as commanded by the writ and filed his demurrer and his answer with its exhibits to the petition, and this proceeding was heard and

submitted for decision upon the petition, the demurrer and the answer of the defendant and its exhibits, and the written briefs and the oral arguments in behalf of the respective parties.

On July 2, during the regular term of the Criminal Court of Mercer County, the petitioner was jointly indicted with two other persons for the crime of breaking and entering a certain storehouse and on July 26, 1962 the petitioner was set to the bar of the court in the custody of the sheriff and the proceeding was set for trial on August 13, 1962. At that time the petitioner, by his attorney, moved the court that he be permitted to be present at any examination of one of the co-defendants by the prosecuting attorney, which motion was overruled by the court and the petitioner was remanded to jail. On August 13, 1962, the petitioner again appeared in court in the custody of the sheriff and the court explained to the petitioner his constitutional rights with respect to a trial by a jury and the consequences which would result from the entry of a plea of guilty. The petitioner then entered a plea of guilty to the offense charged against him in the indictment and the court, having found the petitioner to be guilty of the offense of breaking and entering as alleged in the indictment, sentenced the petitioner to be confined in the penitentiary of this State for the indeterminate term of one year to ten years and by a written instrument signed by the court on that day, which recites the appearance of the petitioner in person and by his attorney, the petitioner was committed to the penitentiary to serve the sentence of imprisonment imposed by the court, subject to a credit of twenty two days allowed by the judgment order of August 13, 1962 and an additional credit of 157 days allowed by a subsequent order entered September 4, 1962.

The record of the proceeding in the Criminal Court of Mercer County, in which the petitioner was convicted upon his plea of guilty and sentenced to confinement in the penitentiary, consists of copies of the indictment and the orders entered by the court on July 26, August 13, and September 4, 1962.

The petitioner contends that the sentence of imprisonment for an indeterminate term of one year to ten years is unconstitutional, null and void; that the petitioner was denied the assistance of counsel to defend him against the offense with which he was charged in the indictment, in violation of the Sixth Amendment and the Fourteenth Amendment to the Constitution of the United States and Article III, Section 14, of the Constitution of this State; that he was not permitted by the arresting officers to have the assistance of counsel during a period of approximately three days immediately following his arrest at which time he made a statement to the arresting officers, the character and contents of which are not disclosed by the record. The petitioner also contends that the foregoing sentence of imprisonment is void because the order of the criminal court imposing such sentence was never at any time signed by the judge of that court.

Each of the foregoing contentions is devoid of merit.

Contrary to the contention of the petitioner, the record discloses that he was not denied his constitutional right to the assistance of counsel to defend him against the offense charged in the indictment. The order of July 26, 1962, when the petitioner was first brought into court shows that he was represented by counsel who then appeared in court and made a motion in behalf of the petitioner. Though the order of August 13, 1962 when sentence was imposed makes no mention of the presence of counsel for the petitioner, this may well have been an inadvertent omission and there is nothing to indicate that the attorney who appeared in behalf of the petitioner on July 26, 1962 had ceased to represent him in the case. That he did not discontinue his services as counsel is indicated by the written commitment signed by the court on August 13, 1962, the same date that the judgment order was entered, which recites that the defendant appeared in person and by counsel at the time the commitment was signed by the judge. Though the commitment is not a judgment order its recitals constitute evidence to show the proceedings had in ordering the commitment of the petitioner to serve the sentence imposed by the judg-

ment order and it will be considered in determining whether the petitioner was represented by counsel. From the foregoing it satisfactorily appears that the petitioner was afforded the assistance of counsel, and the competency of his counsel and the character of the professional services which he rendered the petitioner are not questioned by the petitioner or any one acting in his behalf.

In support of his contention that he was denied the assistance of counsel after his arrest and while in the custody of the arresting officers or confined in jail before his arraignment in court on July 26, 1962, the petitioner cites and relies upon the recent decision of the Supreme Court of the United States in *Escobedo* v. *Illinois,* 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, in which, on certiorari, the court reversed a conviction of the defendant and held inadmissible certain incriminating statements made by the defendant in that case while being interrogated by police officers who refused to permit the defendant to consult his attorney who had been provided to represent him and who was nearby and readily accessible. The court stated that in that situation the accused was denied his constitutional right to the assistance of counsel. The holding of the court, upon the facts in that case, as set forth in the opinion, is couched in this language: "We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 US, at 342, 9 L ed 2d at 804, 93 ALR 2d 733, and that no statement elicited by the police during the interrogation may be used against him at a criminal trial." The facts in the case at bar clearly distinguish

it from the facts in the *Escobedo* case and the holding of that case is not controlling here. Here there is no showing that the refusal of the arresting officers to permit him to obtain or consult with an attorney occurred before any attorney was employed by or made available to the petitioner and, though the petitioner was interrogated and gave them a statement on the third day after his arrest, there is nothing in the record to indicate the character or the contents of the statement and no showing that it contained a confession or admission of guilt or in any manner induced the petitioner to enter a plea of guilty, which he did after he had been furnished counsel to represent and assist him in the defense of the offense charged against him in the indictment. Nothing in the record indicates in any wise that the failure of the petitioner, during his confinement and before his arraignment, to have the assistance of counsel resulted in any prejudice to any right of the petitioner. In consequence, in the circumstances of this case, the refusal of the authorities having custody of the petitioner to permit him to call or talk to an attorney did not constitute a denial of his constitutional right to the assistance of counsel secured by the Sixth Amendment as made obligatory upon the states by the Fourteenth Amendment to the Constitution of the United States or Article III, Section 14, of the Constitution of this State.

The failure of the judge of the trial court to sign the paper on which the original draft of the order was written, which appears to have been what happened in this case, did not make the order as entered in the official order book and record of the court an unsigned order. Section 4, Article 3, Chapter 51, Code, 1931, as amended, in effect when the judgment of the trial court was entered, specifies the manner in which court orders are signed or authenticated and provides, to the extent here pertinent, that the law proceedings of every court shall be entered in a book and, in the discretion of the court, may be caused to be read, and that after being corrected, where necessary, shall be signed by the judge or presiding officer on the following day, except those orders of the last day of the term and of the day

on which the court may adjourn to a future day, and that such orders shall be corrected where necessary and signed by the judge on the same day. It is clear from the record that the Order Book of the court containing the proceedings of and the orders entered on the 13th day of August, 1962, after an adjournment notation, was duly signed by the judge of the court. His action in signing the record as indicated operated as a proper signature and authentication of the judgment order in the criminal proceeding in which the defendant was sentenced and caused it to be a valid and duly signed judgment order. *State ex rel. Chivers* v. *Boles,* 149 W. Va. 339, 140 S. E. 2d 805.

As the petitioner was convicted and sentenced by the Criminal Court of Mercer County in the exercise of its jurisdiction and as the judgment is in all respects regular and valid on its face, it will not be reviewed or disturbed in this habeas corpus proceeding. *State ex rel. Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. Ed. 1268. In that case this Court held in point 1 of the syllabus that "A conviction and sentence of a person in a court of competent jurisdiction, in the absence of a showing that the judgment is wholly or partially void, will not be reviewed in a proceeding in habeas corpus."

For the reasons stated the writ heretofore awarded is discharged and the petitioner is remanded to the custody of the defendant.

*Prisoner remanded.*