STATE *Ex Rel.* DAVID CHIVERS

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12411)

Submitted March 2, 1965.        Decided March 16, 1965.

*Norris Kantor,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

This habeas corpus proceeding was instituted under the original jurisdiction of this Court, and on December 11, 1964, the writ was granted returnable to February 16, 1965. The matter was continued until March 2, 1965, at which time it was submitted for decision on arguments and briefs.

The petitioner was indicted by the grand jury of the Criminal Court of Mercer County, West Virginia, on July 5, 1960, for the crime of breaking and entering. On August 1, 1960, he was arraigned and pleaded guilty to the charge contained in the indictment, whereupon he was sentenced to confinement in the West Virginia State Penitentiary for a term of one to ten years.

It is the petitioner's contention that he is illegally confined in the penitentiary because he had not been provided with the assistance of counsel and that the order sentencing him was not signed by the judge who sentenced him and that the sentence is therefore void.

Although there was no allegation in the petition relative to the failure to provide counsel before the trial, it is contended in the brief filed in behalf of the petitioner by his attorney, appointed by this Court, that when he was incarcerated in the Mercer County jail on July 28, 1960, he

advised the sheriff that he wanted the services of an attorney and none was provided. He apparently was neither interrogated nor confessed to the crime while in jail, but nevertheless contends that he should be released from confinement under the ruling in the case of *Escobedo* v. *Illinois,* 375 U. S. 902, 12 L. Ed 2d 977, 84 S. Ct. 1758.

In the *Escobedo* case the accused had an attorney but such attorney was not allowed to see his client while he was being questioned and which was held to be in the accusatory stage. The case at bar does not fall within the purview of the *Escobedo* case in any respect and it is therefore not applicable.

The petitioner contends that the order sentencing him to the penitentiary is silent with regard to the appointment and assistance of counsel and therefore his conviction is void under the ruling in the recent case of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177. It is true that the *May* case held in point 3 of the syllabus that: "The right to the assistance of counsel, being a fundamental right, will not be presumed to have been waived by the failure of the accused to request counsel, by his entry of a guilty plea or by reason of a record silent on the matter of counsel." However, it was held in the case of *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159, that where the record affirmatively shows that the accused properly waived his constitutional right to the assistance of counsel and pleaded guilty to the charge against him the conviction and sentence could not be questioned. The same thing is true where the record affirmatively shows that an accused has been furnished counsel.

In the case at bar the record shows that the petitioner filed an affidavit in open court on August 1, 1960, in which he stated he was unable to pay counsel fees and that the court appointed Odell H. Huffman to defend him. An order was entered the same day clearly stating that pursuant to said affidavit Odell H. Huffman was appointed his attorney by the court to represent the petitioner and that he was allowed $50.00 as his legal fee for defending the petitioner.

The commitment paper dated the same day states that the petitioner appeared in person and by Odell H. Huffman, his counsel.

It therefore affirmatively appears from the record that the petitioner had counsel when he pleaded guilty to the charge in the indictment. Consequently, the matter is not covered by the rulings in the case of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177; and *Gideon* v. *Wainwright,* 372 U. S. 335, 9 L. Ed 2d 799, 83 S. Ct. 792.

The contention that the sentence is void because the order relating thereto was not signed by the judge is without merit. An exhibit filed in this proceeding and certified by the Clerk of the Court in which he was convicted shows that the judge was present at the Criminal Court continued and held for the county of Mercer, at the courthouse thereof on August 1, 1960, and then all the orders entered on that day, including the order sentencing the petitioner, followed in the order book, and at the end of all the orders it was ordered that court be adjourned until August 3, 1960, and the day's record was signed by the judge at the end. This is the approved procedure of signing the order book for all courts of record, including this Court. It would be impracticable for the judge to sign each order as it is entered in the order book. It has been held that it would be physically impossible for the clerk to record all of the orders on the order book immediately and for the judge to sign each one as it was recorded, and that the universal practice is that the clerk extend the orders upon the permanent record of the court as soon as possible and then the judge signs the order book as of the date the judgments were pronounced. *Daley* v. *Commonwealth,* 132 Va. 621, 111 S. E. 111. See 21 C.J.S., Courts, Sections 226 and 227: *Powers* v. *Trent,* 129 W. Va. 427, 432, 40 S. E. 2d 837.

For the reasons enunciated herein, the relief requested by the petitioner in his petition is denied and he is remanded to the custody of the defendant.

*Prisoner remanded.*