COURT OF APPEALS OF VIRGINIA

Present:  Judges Haley, Petty and Powell
Argued at Salem, Virginia

DANIEL LAMPKIN

v.          Record No. 0954-10-3

COMMONWEALTH OF VIRGINIA

OPINION  BY
JUDGE JAMES W. HALEY, JR.
MARCH 1, 2011

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

J. Patterson Rogers, 3rd, for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


I.  Introduction

Code § 17.1-123(A) states that an unsigned order entered into a circuit court's order book

is "deemed authenticated when . . . an order is recorded in the order book on the *last* day of each

term showing the signature of each judge presiding during the term."  (Emphasis added).

Appealing his conviction for domestic assault and battery, a third offense, Daniel Lampkin

maintains that an unsigned order documenting one predicate offense was improperly received in

evidence.  He argues that the order was not authenticated pursuant to the statute, and was thus

inadmissible, because no evidence showed when the relevant term of court *began*.  We disagree

and affirm.

II.  Facts

On February 8, 2010, Daniel Lampkin was tried for felony domestic assault and battery, a

third offense, in the Circuit Court of Pittsylvania County.  At trial, the Commonwealth moved

into evidence two prior domestic assault conviction orders.  Lampkin objected to the admission

of the Henry County domestic assault conviction order arguing "it lacks the official authentication."[1]

Counsel have stipulated that three properly certified Henry County Circuit Court orders were received in evidence: (1) An order dated January 16, 1998, signed by all presiding judges, reciting "that this Court does now stand adjourned until the next term thereof, as fixed by law"; (2) an order dated April 3, 1998, again signed by all judges, and reciting the quoted language above; and (3) an unsigned order dated March 10, 1998 documenting appellant's conviction for domestic assault and battery. Each of these three orders was certified as a true copy by the raised seal and the signature of the Clerk of the Circuit Court of Henry County.

The trial court took the objection under advisement, but ultimately determined the documents "proved the element of third offense." The trial court found Lampkin guilty of domestic assault and battery, a third offense.

### III. Standard of Review

"Given the 'broad discretion' of a trial judge over evidentiary matters, we apply a deferential abuse-of-discretion standard of appellate review." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (quoting Seaton v. Commonwealth, 42 Va. App. 739, 752, 595 S.E.2d 9, 15 (2004)). In determining whether the trial court abused its discretion, "'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)). Only when "'reasonable jurists could not differ'" do we say an abuse of discretion occurred. Tynes v.

---

[1] Lampkin did not object to the admission of the prior Pittsylvania County domestic assault conviction order.

<u>Commonwealth</u>, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (quoting <u>Thomas</u>, 44 Va. App. at 753, 607 S.E.2d at 743).

IV. <u>Analysis</u>

Lampkin does not contest the fact of his conviction or the certification of the Henry County conviction order. Rather, Lampkin argues the order was inadmissible as a matter of law to establish that conviction because no "order or paper showing the beginning of the applicable term of court during which [his] conviction took place" was entered into evidence. Appellant's Br. at 11.

Code § 19.2-295 provides that "the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction." Nothing "in this statute requires that the 'record of conviction,' if otherwise reliable, bear the signature of the sentencing judge." <u>Seaton</u>, 42 Va. App. at 755-56, 595 S.E.2d at 17. However, circuit court orders of conviction "shall be received [as prima facie evidence] *only when authenticated pursuant to Code § 17.1-123(A)*." <u>Waller v. Commonwealth</u>, 278 Va. 731, 737, 685 S.E.2d 48, 51 (2009) (emphasis added).

Under Code § 17.1-123(A), an unsigned order entered into a circuit court's order book is "deemed authenticated when . . . an order is recorded in the order book on the last day of each term showing the signature of each judge presiding during the term."[2] <u>See also</u> <u>Weatherman v. Commonwealth</u>, 91 Va. 796, 798, 22 S.E. 349, 350 (1895) (finding a judge's signature on the orders of the last day of a court term sufficient authorization of all preceding orders of the term that are spread upon the order book).

---

[2] Indeed, there is no question that orders and oral pronouncements of the court need not be immediately recorded in the order book and signed by the judge. <u>Daley v. Commonwealth</u>, 132 Va. 621, 623, 111 S.E. 111, 111 (1922). The "universal practice is that the clerk extends the orders upon the permanent record of the court just as soon as possible, and they are thereafter read in open court and signed as orders of the date when the judgments were pronounced." <u>Id.</u>

We disagree with Lampkin that the Henry County conviction order is inadmissible because no "order or paper showing the beginning of the applicable term of court during which [his] conviction took place" was entered into evidence. In Code § 17.1-123(A), the General Assembly has clearly and unambiguously prescribed the procedure for authenticating an unsigned order in an order book. See, e.g., Elliott v. Commonwealth, 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009) (finding we are bound by the unambiguous language of a statute). Nowhere does Code § 17.1-123(A) make a conviction order's authentication, and subsequent admissibility, contingent upon the admission of an order showing the beginning of the term of court during which the conviction was entered. Had the General Assembly desired to add such a requirement to the statute, it could have done so, but has not.[3] We decline appellant's invitation to do so here. See Farrakhan v. Commonwealth, 273 Va. 177, 180, 639 S.E.2d 227, 229 (2007) (finding an appellate court cannot add words to an unambiguous statute).

The Commonwealth submitted to the trial court an order ending the term preceding the March 10, 1998 conviction and an order ending the term during which that conviction was obtained. Under the plain terms of the statute, that was the only prerequisite for authentication and admission of the Henry County conviction order. Thus, we find no error.

---

[3] Undoubtedly, such a requirement was not written into the statute because each circuit's terms of court are fixed by order and published in the Code of Virginia pursuant to Code § 17.1-517. Accordingly, the trial court could have taken judicial notice that the term of court during which Lampkin was convicted began on the "Third Tuesday in January," or January 20, 1998. See Va. Sup. Ct. Rules, Part 1, Circuit Courts of Virginia, Times for the Commencement of the Regular Terms (1998); Code § 19.2-265.2 ("Whenever, in a criminal case it becomes necessary to ascertain what the law, statutory or otherwise, of this Commonwealth . . . is, or was, at any time, the court shall take judicial notice thereof whether specifically pleaded or not."). See also Oulds v. Commonwealth, 260 Va. 210, 213, 532 S.E.2d 33, 35 (2000) (finding the doctrine of judicial notice "eliminates the necessity" of introducing law into evidence).

## V.  <u>Conclusion</u>

In sum, we hold the trial court did not err in admitting the Henry County conviction order because it was properly authenticated in accordance with the statute.  Thus, there is sufficient evidence to support his third domestic assault conviction.

<u>Affirmed.</u>