654 S.E.2d 104

STATE of West Virginia ex rel. Terron
GODFREY, Petitioner

v.

Honorable James J. ROWE, Judge of
the Circuit Court of Greenbrier
County, Respondent.

No. 33444.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 11, 2007.

Decided Oct. 16, 2007.

Paul S. Detch, Esq., Lewisburg, for Petitioner.

Robert K. Hanson, Prosecuting Attorney, Stephen R. Dolly, Assistant Prosecuting Attorney, Lewisburg, for Respondent.

PER CURIAM:

The petitioner, in this prohibition action, seeks relief from this Court to prohibit the trial court from retrying the petitioner on a charge of sexual assault-third degree, after his first trial ended in a mistrial. The petitioner claims that to allow a second trial to proceed would place the petitioner in double jeopardy for the sexual assault-third degree offense in violation of the Fifth Amendment of the *United States Constitution* and Article III, Section 14, of the *West Virginia Constitution*. The petitioner also contends that the trial court abused its discretion when it ordered that jury costs for the first trial be assessed against defense counsel. Finally, the petitioner filed a motion for joinder before this Court, in which he contends that a separate indictment charging the same offense as in the instant case and also charging additional offenses involving the same parties violates Rule 8 of the *West Virginia Rules of Criminal Procedure*.

For the reasons stated herein, we grant the writ in part, and deny the writ, in part.

I. On October 3, 2006, the petitioner was indicted by the grand jury of Greenbrier County for the felony offense of sexual assault in the third degree, a violation of *W. Va. Code*, 61–8B–5(2000). On January 10, 2007, the trial was commenced. On the first day of trial the State presented its case and rested.

On January 11, 2007, the second day of the trial, at the request of the prosecuting attorney, the trial court convened out of the presence of the jury to determine whether certain defense witnesses would be permitted to testify. Following what has been characterized by the State as a lengthy colloquy on the record, the trial court found that the defendant had been deprived of effective assistance of counsel and, as a result, declared a mistrial.[1] Subsequently the trial court set the case to be tried at the next term of court.

On April 19, 2007, the petitioner filed in this Court his "Petition for Writ of Prohibition and Appeal Sanctions." Attached to the petition was a copy of the October 3, 2006 indictment, the trial court order dated January 10, 2007 declaring a mistrial, and a statement from the circuit clerk detailing jury costs for the January 10, 2007 trial. The jury cost was stated to be $2,118.98. No further record was submitted with the petition or included in this Court's file.

1. Following is the text of relevant portions of the court's order:

The State of West Virginia (the "State"), by its counsel, Stephen R. Dolly, assistant prosecuting attorney of Greenbrier County, and the defendant Terron Godfrey (the "Defendant"), in person and by his retained counsel, Paul S. Detch, appeared before this Court on January 10, 2007, for the trial of the above-captioned case.

A jury of twelve persons were [sic] duly selected, empaneled and sworn and consisted of the following members:

The State called as witnesses: Chief James Hylton of the White Sulphur Police Department, Alex Lombardini, and Kelsey McCoy, and rested.

Whereupon the State moved to suppress Defendant's witnesses based on Defendant's failure to disclose them pursuant to discovery requirements. The Court heard argument on the State's motion out of the presence of the jury. The Court found that defense counsel's failure to respond to the State's request for discovery and to properly prepare for trial amounted to ineffective assistance of counsel and that the Defendant's right to a fair trial had been materially prejudiced as a result. Based upon the Court's finding that the Defendant had been deprived of effective assistance of counsel, the Court declared a mistrial and dismissed the jury.

**ACCORDINGLY,** the Court hereby further **ORDERS** as follows:

1. A mistrial is declared in this case;

2. Defendant shall continue on bond under the previously ordered terms and conditions pending the rescheduling of this matter for trial;

3. Jury costs are assessed as a judgment against counsel for Defendant, Paul S. Detch; and

4. The Clerk of this Court shall forward a copy of this order to Paul S. Detch, counsel of record for Defendant, and to Stephen R. Dolly, assistant prosecuting attorney of Greenbrier County.

Entered this 10th day of January 2007.

*[signature of James J. Rowe]*
JAMES J. ROWE
Circuit Court Judge
Eleventh Judicial Circuit The exact date of the witness suppression hearing cannot be determined by the record before this Court. Petitioner's brief suggests, based on a cite to a transcript that is not part of the record before this Court, that the hearing was on January 11, 2007. The Judge's Order, however, is dated January 10, 2007, and the circuit clerk's stamp indicates that the order was filed on February 13, 2007.

On May 11, 2007, the State filed a response to the petitioner's petition. The State's response contained no attachments or any further record for this Court to consider.

On May 22, 2007, this Court ordered that a rule be issued directing the respondents to show cause, if any, why a writ of prohibition should not be awarded as prayed for by the petitioner.

On July 10, 2007, the petitioner filed a "Motion For Joinder" requesting that the writ previously issued be expanded to include a new indictment dated June 5, 2007, returned by the grand jury of Greenbrier County. The new indictment charged the petitioner with the same offense covered in the original indictment, as well as additional charges of sexual assault-third degree involving the same alleged victim. The petitioner's motion for joinder before this Court included a copy of his trial court motion to dismiss for lack of jurisdiction, or in the alternative motion for stay, a copy of the June 5, 2007 indictment, and a copy of the original October 3, 2006 indictment. No further record was provided to this Court for consideration.

On July 10, 2007, this Court granted the petitioner's motion for joinder and expanded the previous rule to show cause to include the June 5, 2007 indictment.

## II.

■ In Syllabus Point 4 of *State ex rel. Hoover v. Berger,* 199 W.Va. 12,199 W.Va. 12, 483 S.E.2d 12 (1996) this Court held:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

■ In Syllabus Point 1 of *Crawford v. Taylor,* 138 W.Va. 207, 75 S.E.2d 370 (1953) we held that:

Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari.

■ Furthermore, this Court has created the presumption of regularity of court proceedings and established the burden of proving error in the proceedings. In Syllabus Point 1 of *State ex rel Massey v. Boles,* 149 W.Va. 292, 140 S.E.2d 608 (1965) we held:

The general rule is that there is a presumption of regularity of court proceedings; it remains until the contrary appears and the burden is on the person who alleges such irregularity to affirmatively show it.

■ In prohibition proceedings, the party seeking the writ has the burden of proving the allegations of his petition. In Syllabus Point 5 of *Morgan v. Price,* 151 W.Va. 158, 150 S.E.2d 897 (1966) we established the burden for proving error in lower court proceedings. We said:

An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*See also State ex rel. Evans v. Robinson,* 197 W.Va. 482, 486, 475 S.E.2d 858, 862 (1996) (*per curiam* ) (applying *Morgan* ).

With these principles in mind, we will now consider the petitioner's arguments.

■ The first issue this Court must address is whether the trial court should be prohibited from retrying the petitioner based upon double jeopardy grounds, following the State's presentation of its evidence. The petitioner asserts that in declaring a mistrial, no manifest necessity was found to exist or existed for the declaration of a mistrial, and that the trial court failed to follow Rule 26.3 of the *West Virginia Rules of Criminal Procedure.*[2]

For an appellate court to review the proceedings of a lower court, particularly as contemplated in Rule 26.3 of the *West Virginia Rules of Criminal Procedure,* a full record of what transpired in the lower court is required. In the instant case, we have before us only the petitioner's petition with attachments and the State's response, and the petitioner's motion for joinder that was included for consideration by the Court's order to expand the original rule to show cause. The most relevant portion of the trial court record, a transcript of the trial court proceedings, is noticeably absent from the record before this Court.

Despite the absence of the trial transcript, we are asked to decide the issues in this matter—based solely upon the competing petition with attachments of the petitioner and the State's response. We consider the failure of the petitioner to provide this Court with a complete record, especially a transcript of the trial court proceedings, to be fatal to petitioner's position with respect to his double jeopardy argument. The petitioner has not met his burden of showing error in the judgment of which he is complaining. We,

therefore, deny petitioner's writ in this respect.

■ The second issue raised by the petitioner is the trial court's assessment of jury costs against defense counsel. Again, because we have not been provided with a complete record, particularly the transcript of the proceedings leading up to the trial court's declaration of a mistrial, and because this issue raises new and important issues, we decline to allow the imposition of such costs to stand in this case. Our decision is also driven by a concern that assessments ordered under circumstances similar to those in the instant case could have a chilling effect upon the defense bar's willingness to represent individuals in criminal cases. In this respect, we grant the writ.

■ Finally, the petitioner urges that we issue a writ prohibiting the trial court from allowing the State to try the petitioner on the second indictment contained in the motion for joinder. The petitioner claims that the second indictment violates Rule 8(a)(2) of the *West Virginia Rules of Criminal Procedure.*[3] We observe from the motion for joinder that the trial court has never held a full hearing on the motion in question. Since the motion for joinder may involve the taking of evidence, we believe that counsel's motion filed in the trial court should be heard in the trial court. This matter is remanded for further action.

### III.

Therefore, for the reasons stated, *supra,* we deny the petitioner's petition for a writ of prohibition with respect to his request to this Court to prohibit the trial court from retry-

---

2. Following is the text of *West Virginia Rules of Criminal Procedure,* Rule 26.3:

**Rule 26.3. Mistrial.**

Before ordering a mistrial, the court shall provide an opportunity for the state and for each defendant to comment on the propriety of the order, including whether each party consents or objects to a mistrial, and to suggest any alternatives.

3. *West Virginia Rules of Criminal Procedure,* Rule 8(a)(2) provides: Mandatory joinder.—If two or more offenses are known or should have been known by the exercise of due diligence to the attorney for the state at the time of commence-

ment of the prosecution and were committed within the same county having jurisdiction and venue of the offenses, all such offenses upon which the attorney for the state elects to proceed shall be prosecuted by separate counts in a single prosecution if they are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, whether felonies or misdemeanors or both. Any offense required by this rule to be prosecuted by a separate count in a single prosecution cannot be subsequently prosecuted unless waived by the defendant.

ing the petitioner on the October 3, 2006 indictment for sexual assault-third degree. We grant the writ to prohibit the enforcement of the assessment of jury costs against the petitioner's counsel. Finally, we deny the writ of prohibition with respect to the June 5, 2007 indictment, and direct the circuit court to address the defendant's motion regarding joinder.

Writ Granted as Moulded.

Chief Justice DAVIS concurs and reserves the right to file a concurring opinion.

DAVIS, C.J., concurring:

The majority reached the correct decision in this case based upon the sparse record it had before it. As the Court's opinion acknowledges, the absence of "the transcript of the proceedings leading up to the trial court's declaration of a mistrial," Majority opinion at page 108, required the granting of the requested writ to prevent the trial court from assessing jury costs against defense counsel, which costs the trial court levied as a sanction for defense counsel's alleged failure to disclose the defense's witness list to the State as required by the West Virginia Rules of Criminal Procedure. *See* W. Va. R.Crim. P. 16(b)(1)(D) ("If the defendant requests disclosure under subdivision (a)(1)(F) of this rule, upon compliance with such request by the state, the defendant, on the request of the state, shall furnish the state with a list of the names and addresses of the witnesses the defendant intends to call in the presentation of the case in chief[.]").

Nevertheless, if the record before this Court had demonstrated that defense counsel had, in fact, failed to disclose the defense's witness list to the State as found by the trial court in its January 10, 2007, order imposing said sanction, I would have upheld the sanction. As I admonished at length in my separate opinions in *Estate of Fout–Iser ex rel. Fout–Iser v. Hahn,* 220 W.Va. 673, 679, 649 S.E.2d 246, 252 (2007) (Davis, C.J., dissenting), and *Jenkins v. CSX Transportation, Inc.,* 220 W.Va. 721, 732, 649 S.E.2d 294, 305 (2007) (per curiam) (Davis, C.J., concurring), the purpose of discovery rules is to ensure the fair and orderly administration of justice,

W. Va. R. Civ. P. 1, and a party's failure to follow such rules constitutes sanctionable conduct. *See generally* W. Va. R. Civ. P. 37 (permitting trial courts to impose sanctions for "[f]ailure to cooperate in discovery"); *McDougal v. McCammon,* 193 W.Va. 229, 455 S.E.2d 788 (1995) (according discretion to trial courts to determine appropriateness of sanctions for discovery violations).

As was the case with the civil matters before this Court in *Fout–Iser* and *Jenkins,* criminal proceedings, such as the case *sub judice,* also are governed by procedural rules to obtain "the just determination of every criminal proceeding" and to "secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." W. Va. R.Crim. P. 2. Likewise, trial courts in criminal cases may impose sanctions for the violation of rules pertaining to discovery. *See* W. Va. R.Crim. P. 16(d)(2) ("If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the time, place and manner of making the discovery and inspection and may prescribe such terms and conditions as are just."); Syl. pt. 5, *State v. Miller,* 178 W.Va. 618, 363 S.E.2d 504 (1987) ("Rule 16(d)(2) [of the West Virginia Rules of Criminal Procedure] enables a trial court to impose sanctions that may have the effect of curing a late discovery problem."). *See also* Syl. pt. 1, *State v. Ward,* 188 W.Va. 380, 424 S.E.2d 725 (1991) ("Where a trial court is presented with a defendant's failure to disclose the identity of witnesses in compliance with West Virginia Rule of Criminal Procedure 16, the trial court must inquire into the reasons for the defendant's failure to comply with the discovery request. If the explanation offered indicates that the omission of the witness' identity was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence, it is consistent with the purposes of the com-

pulsory process clause of the sixth amendment to the United States Constitution and article II, section 14 of the West Virginia Constitution to preclude the witness from testifying.").

Therefore, if the record presented to the Court for its consideration in this case had demonstrated that defense counsel failed to disclose the list of defense witnesses to the State, the trial court's imposition of sanctions upon defense counsel, including the assessment of approximately $2,118.98 in jury costs, would have been within the trial court's discretion. However, because the limited record did not establish whether defense counsel had, in fact, failed to disclose the defense's witness list to the State as required by the West Virginia Rules of Criminal Procedure, I concur in the majority's decision to lift the sanctions imposed by the trial court.