# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 13-1065** (Pocahontas County 13-M-AP-05)

**Jeffery D. Young,**
**Defendant Below, Petitioner**

**FILED**

November 24, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Jeffery D. Young's appeal, by counsel Joshua L. Edwards, arises from the Circuit Court of Pocahontas County's September 20, 2013, order, sentencing petitioner to six months in jail following his battery conviction. The State, by counsel Laura Young, filed a response in support of the circuit court's order, to which petitioner filed a reply. Petitioner argues that the circuit court erred in requiring him to prove self-defense instead of requiring the State to prove, beyond a reasonable doubt, that petitioner was not acting in self-defense.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, petitioner, the victim, and several others gathered at Mick's Garage in Bartow, West Virginia, to play in a poker tournament. After petitioner was eliminated from the tournament, he, the victim, and others began drinking moonshine. Sometime later that evening, the victim suggested that they all go to a bar together. Shortly thereafter, petitioner and the victim began to quarrel. The quarrel between petitioner and the victim escalated, culminating in petitioner striking the victim. One month after this incident, petitioner was arrested for battery, in violation of West Virginia Code § 61-2-9(c). In May of 2013, petitioner was tried for battery in magistrate court, convicted, and sentenced to six months in jail.

Petitioner appealed his conviction to circuit court, where he was retried in a bench trial held in September of 2013. In the opening statement of his bench trial, petitioner asserted to the circuit court that he acted in self-defense. It is undisputed that petitioner hit the victim and knocked him to the floor, causing the victim to have to have his jaw wired shut. However, there was a dispute as to whether the victim first threatened petitioner, causing petitioner to strike in self-defense. Petitioner testified that the victim shoved him and placed him into a headlock before petitioner "came up with an upper cut," striking the victim. Following the bench trial, the circuit court affirmed petitioner's battery conviction, finding that petitioner did not act in self-

1

defense. At sentencing, the circuit court suspended petitioner's six-month jail sentence and placed him in a community corrections program. Petitioner appeals the circuit court's order.

Petitioner's sole argument on appeal is that the circuit court improperly shifted the burden of proof by requiring him to prove self-defense. Petitioner asserts that, because there was sufficient evidence to create a reasonable doubt that the injury inflicted was a result of him acting in self-defense, the State was required to prove beyond a reasonable doubt that petitioner did not act in self-defense. *See* Syl. Pt. 6, *State v. Harden*, 223 W.Va. 796, 679 S.E.2d 628 (2009). Petitioner argues that he showed *prima facie* evidence of the following four elements under *State v. Harden* necessary to present a sufficient self-defense claim: (1) that petitioner was not the aggressor, (2) that there was a reasonable basis to believe that petitioner was under imminent threat, (3) that petitioner actually believed he was at imminent risk of harm, and (4) that petitioner's actions were proportional to the danger. *State v. Harden*, 223 W.Va. at 809, 679 S.E.2d at 641. Petitioner also submits that he does not assign a separate error arguing insufficiency of the evidence because it would be repetitive of the assignment of error presented.

The State argues that the circuit court clearly rejected petitioner's self-defense argument. The State argues that in its ruling, the circuit court determined that the State proved each of the elements of battery beyond a reasonable doubt, including refuting, beyond a reasonable doubt, that petitioner acted in self-defense. We agree.

We bear in mind the following:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Upon our review, we find no error by the circuit court. "An appellate court may not decide the credibility of witnesses . . . as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). West Virginia Code § 61-2-9(c) provides that an individual is guilty of battery when he or she unlawfully and intentionally makes physical contact with force capable of causing physical pain or injury on another or unlawfully and intentionally causes physical pain or injury to another person. "It has been held by this Court that one of the strongest presumptions known to the law is that courts are presumed to have correctly followed the requirements of the law." *State ex rel. Massey*, 149 W.Va. 292, 295, 140 S.E.2d 608, 610 (1965) (citing Gibson v. Thorn, 122 W.Va. 716, 12 S.E.2d 535; State ex rel. Powers v. Boles, W.Va., 138 S.E.2d 159). Our review of the bench trial transcript reveals that the circuit court considered evidence and testimony presented without relieving the State of proving all the elements necessary for battery under West Virginia Code § 61-2-9(c). We find no basis to disturb the circuit court's ruling.

For the foregoing reasons, we affirm the circuit court's September 20, 2013, order.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II