# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 17-0058** (Lewis County 15-M-AP-3)

**John Robert Zsigray,**
**Defendant Below, Petitioner**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Robert Zsigray, by counsel William B. Summers, appeals the Circuit Court of Lewis County's December 14, 2016, order affirming his magistrate court conviction and sentence. The State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in affirming his conviction and sentence because the sentence rendered was unconstitutionally excessive, the evidence was insufficient to convict, the prosecutor engaged in prosecutorial misconduct, and the jury instructions improperly instructed the jury that certain instructions were "defense instructions" and others were the "State's instructions."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 9, 2014, petitioner was registered traveling thirty-five miles per hour in a fifteen-mile-per-hour school zone by Deputy John Tonkin of the West Virginia State Police. Deputy Tonkin issued petitioner a traffic citation, which petitioner challenged in magistrate court. Following a jury trial held on October 28, 2015, petitioner was found guilty of speeding in a school zone with children present in violation of West Virginia Code § 17C-6-1(b)(1). The magistrate court sentenced petitioner to fourteen days in jail and a $250 fine. The magistrate court permitted petitioner to serve his jail sentence on home incarceration with work release; however, the sentence was stayed pending petitioner's appeal to circuit court.

Petitioner appealed the verdict and sentence to the circuit court, which the circuit court heard on December 7, 2016. Petitioner argued that the sentence he received was unconstitutionally excessive, the jury's verdict was against the weight of the evidence, the prosecutor engaged in prosecutorial misconduct, and the magistrate court improperly instructed the jury that certain instructions were "defense instructions" and others were the "State's

1

instructions." Finding no error, the circuit court affirmed petitioner's conviction and sentence by order entered on December 14, 2016. It is from this order that petitioner appeals.

We have previously articulated the following standard of review:

In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

On appeal, petitioner first argues that his sentence was unconstitutionally excessive. Petitioner acknowledges that his sentence was within statutory limits, but claims that the sentence was excessive because the magistrate court "did not enumerate any specific reasons" for sentencing him to two weeks of home incarceration and because there was no evidence of petitioner's criminal history or any other aggravating circumstances elicited to justify the sentence. Petitioner surmises that the magistrate court "assessed additional penalties on [petitioner] for taking the case to trial."

It is undisputed that petitioner's sentence was within statutory limits.[1] Thus, to be subject to appellate review, petitioner must identify some impermissible factor upon which the magistrate court based the sentence. Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982) ("Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.") To the extent petitioner is arguing that his belief that the magistrate court assessed a jail sentence for taking his case to trial amounts to an impermissible factor, petitioner has failed to cite any support in the record for his speculation. Rule 10(c) of the West Virginia Rules of Appellate Procedure requires that a petitioner's brief

contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings

---

[1]West Virginia Code § 17C-6-1(f), provides as follows:

Any person who violates [West Virginia Code § 17C-6-1(b)(1)] is guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than $100 nor more than $500: *Provided*, That if the conviction is based upon a violation of the provisions of subdivision (1), subsection (b) of this section where the offender exceeded the speed limit by fifteen miles per hour or more in the presence of one or more children, then upon conviction, shall be fined not less than $100 nor more than $500 or confined in jail for not more than six months, or both fined and confined[.]

that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Also, "[t]he general rule is that there is a presumption of regularity of court proceedings; it remains until the contrary appears and the burden is on the person who alleges such irregularity to affirmatively show it." Syl. Pt. 3, *State ex rel. Godfrey v. Rowe*, 221 W.Va. 218, 654 S.E.2d 104 (2007) (citation omitted).

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*Id.* at 219, 654 S.E.2d at 105, Syl. Pt. 4 (citation omitted). Petitioner has failed to support this argument with citations to the record to substantiate his belief that he was assessed a jail sentence because he took his case to trial. Because this argument is not adequately supported, and because petitioner's subjective belief that an error was made in imposing his sentence is insufficient to establish that an error was in fact made, petitioner's argument lacks merit.

Petitioner's second assignment of error is that the jury's verdict was against the weight of the evidence. Petitioner argues that two witnesses testified for the defense whereas only one witness testified for the State. Petitioner submits that this fact, coupled with other errors alleged, should result in a reversal of the jury's verdict.

Challenges to the sufficiency of the evidence presented at trial are subject to the following standard of review:

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Petitioner does not argue that the State failed to present evidence of an element of the crime of which he was convicted. Rather, petitioner argues that more witnesses testified for the defense than for the State. While acknowledging that "the jury is entitled to give what credibility

3

and weight it feels is appropriate to what witnesses it feels is appropriate," petitioner nonetheless "feels that the jury decision should be reversed." In short, petitioner is challenging the sufficiency of the evidence based solely on his "feeling" that the defense's two witnesses should have been judged more credibly by the jury than the State's one witness. As set forth above, "[c]redibility determinations are for a jury and not an appellate court." *Id.* Accordingly, petitioner has failed to establish that the jury's verdict was based on insufficient evidence.

Next, petitioner argues that the prosecutor engaged in misconduct during closing argument by suggesting that the jury had to trust Deputy Tonkin. Specifically, the prosecutor recounted Deputy Tonkin's testimony that his radar gun registered petitioner's speed and concluded that, "[f]undamentally, if you can't trust Deputy Tonkin on that, then he might as well go home today." Petitioner states that this argument appealed to the prejudices of the jury and diverted the jury's focus from weighing all the witnesses' testimony to focusing solely on the officer's testimony.

A review of the record reveals that petitioner failed to object to this argument. This Court has typically "refused to consider objectionable remarks in a closing argument unless an objection has been made[.]" *State v. Grubbs*, 178 W.Va. 811, 818, 364 S.E.2d 824, 831 (1987); *see also* Syl. Pt. 6, *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945) ("Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court.") Because petitioner failed to object to the prosecutor's remark, we find that he has waived the right to allege error in the remark.

Petitioner's final assignment of error is that the magistrate court improperly instructed the jury that certain instructions were "defense instructions" and others were the "State's instructions." Again, petitioner failed to object at trial to this claimed error. "No party may assign as error the giving or the refusal to give an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly, as to any given instruction, the matter to which he objects and the grounds of his objection[.]" Syl. Pt. 5, in part, *Page v. Columbia Nat. Res.*, 198 W.Va. 378, 480 S.E.2d 817 (1996) (citation and internal quotations omitted). Additionally, petitioner fails to cite any law in support of his claim of error. Because petitioner waived this claim and, in any event, failed to establish any error, it will not be considered on appeal.

For the foregoing reasons, the circuit court's December 14, 2016, order affirming petitioner's sentence and conviction is hereby affirmed.

Affirmed.

**ISSUED:** January 8, 2018

4

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker