# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0391** (Wyoming County 16-F-120)

**Jimmy Dean Mullins,**
**Defendant Below, Petitioner**

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jimmy Dean Mullins, by counsel Timothy P. Lupardus, appeals the Circuit Court of Wyoming County's March 28, 2017, order sentencing him to a cumulative term of incarceration of 8 to 120 years following his conviction for 8 counts of Delivery of a Schedule II Controlled Substance – Oxycodone. The State of West Virginia, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order. On appeal, petitioner argues that his sentence is disproportionate to the offenses charges and that the circuit court erred in (1) admitting his recorded phone calls into evidence, (2) failing to direct a verdict of acquittal upon insufficient evidence, and (3) failing to strike certain jurors for cause.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2016, petitioner was indicted on nine counts of Delivery of a Schedule II Controlled Substance – Oxycodone.[1] These charges stemmed from several controlled buys carried out by Wyoming County Sheriff's Department Captain Don Cook, a member of the Southern West Virginia Regional Drug and Violent Crime Task Force. Working in conjunction with a confidential informant ("CI"), Ina New, law enforcement's investigation resulted in petitioner selling controlled substances to the CI nine times during a period of time between April of 2015 and December of 2015.

Petitioner's jury trial took place over five days in September of 2016. During voir dire, petitioner moved to strike one juror and two replacement jurors for cause, citing alleged bias due to either their relationships to law enforcement and the prosecution or prior experiences with issues regarding substance abuse. The circuit court declined to strike the jurors for cause, after which petitioner used peremptory strikes on the jurors at issue.

---

[1]One count from the indictment was eventually dismissed.

1

At trial, CI New testified to the multiple purchases of controlled substances at issue herein, all of which were recorded. The recordings were also entered into evidence. The State further produced evidence from multiple witnesses establishing a chain of custody as to the controlled substances petitioner sold and the results from the West Virginia State Police lab that established the substances to be oxycodone. Further, the State introduced recorded telephone calls petitioner made from Southern Regional Jail in which he stated that he needed to find a legitimate job and quit selling drugs. Ultimately, the jury convicted him of all eight counts.

In March of 2017, the circuit court sentenced petitioner to eight terms of incarceration of one to fifteen years and ordered that the sentences be served consecutively. It is from the sentencing order that petitioner appeals.

"The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011). Moreover,

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id*. at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part. With these standards in mind, we turn first to petitioner's assignment of error challenging the circuit court's denial of his motion for judgment of acquittal.

Petitioner argues that the evidence was insufficient to support any of the eight counts for which he was convicted. In support, he alleges that none of the videos of the controlled buys show a complete transaction and that his testimony established that CI New was selling or attempting to sell him Xanax during the buys in question. Petitioner further argues that CI New

lacked credibility, especially in light of the fact that she had been charged with forty-eight felonies related to stealing from an elderly neighbor for whom she served as a caretaker prior to her cooperation with authorities. Although petitioner acknowledges the extensive nature of the State's evidence, he argues that it was simply insufficient to support his conviction. We do not agree, especially considering the rigorous burden petitioner faces in mounting a challenge to the sufficiency of the evidence.

Pursuant to West Virginia Code § 60A-4-401(a), "[e]xcept as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." West Virginia Code § 60A-4-401(a)(i) goes on to instruct that

> [a]ny person who violates this subsection with respect to . . . [a] controlled substance classified in Schedule I or II, which is a narcotic drug, is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than fifteen years, or fined not more than twenty-five thousand dollars, or both[.]

Petitioner does not challenge the fact that oxycodone is a Schedule II Controlled Substance. *See* W.Va. Code § 60A-2-206(b)(1)(P). Instead, petitioner argues that the evidence shows that he did not deliver the controlled substance in question. However, petitioner's argument on this issue is predicated heavily upon credibility issues concerning his own testimony and that of CI New. According to petitioner, CI New lacked credibility and his own testimony established that she was selling or attempting to sell him controlled substances during the controlled buys. We find that these arguments are inappropriate for appellate review, as they turn entirely on credibility determinations. As noted above, "[c]redibility determinations are for a jury and not an appellate court." *Guthrie*, 194 W.Va. at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part. Indeed, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997).

At trial, the State presented testimony from CI New and Captain Cook concerning the controlled buys, in addition to the recordings of those transactions and evidence concerning the chain of custody of the oxycodone and the testing to confirm that it was a controlled substance. In short, the evidence overwhelmingly established that, on eight separate occasions, petitioner delivered oxycodone to CI New pursuant to Captain Cook's investigation. Accordingly, we find that the evidence at trial was sufficient to support petitioner's convictions.

As a related matter, petitioner argues that the circuit court erred in admitting into evidence his recorded telephone calls made while he was at Southern Regional Jail awaiting trial. According to petitioner, before the Regional Jail and Correctional Facility Authority was permitted to disclose his recorded calls, a determination as to their necessity for purposes of prosecution was required. According to West Virginia Code § 31-20-5E(a)(4)(B), "[t]he contents of inmates' telephone calls, emails and other forms of electronic communications may be disclosed to the appropriate law-enforcement agency only if the disclosure is . . . [n]ecessary for the investigation of a crime[.]" Accordingly, petitioner argues that the determination as to whether the calls were necessary for the investigation of a crime must be made prior to

3

disclosure, which was not done in the instant matter. Instead, testimony established that all of petitioner's calls were copied onto a disk and provided to the prosecution without prior review. We find, however, that it is unnecessary to address this assignment of error. Even assuming, arguendo, that the circuit court erred in admitting the evidence in question, such error was clearly harmless as the other evidence admitted, as outlined above, overwhelmingly established petitioner's guilt.

This Court has held that

[a]ssessments of harmless error are necessarily content-specific. Although erroneous evidentiary rulings alone do not lead to automatic reversal, a reviewing court is obligated to reverse where the improper exclusion of evidence places the underlying fairness of the entire trial in doubt or where the exclusion affected the substantial rights of a criminal defendant." Syllabus Point 4, *State v. Blake*, 197 W.Va. 700, 478 S.E.2d 550 (1996).

Syl. Pt. 2, *State v. Varlas*, 237 W.Va. 399, 787 S.E.2d 670 (2016). Again assuming that the introduction of the recorded calls in question constitute an erroneous evidentiary ruling, we find that the introduction of such evidence did not place the underlying fairness of the entire trial in doubt or otherwise affect petitioner's substantial rights. According to petitioner, the evidence in question was clearly prejudicial, given that it included his statements to the effect that he needed to find a legitimate job instead of selling pills and that he did not believe it was "right of the State to try and put a man in prison for a long time for selling a pill." Although these statements amount to petitioner admitting to the conduct at issue, it is clear that they were unnecessary for the jury to convict him on all counts, given the overwhelming evidence from the State that established petitioner sold CI New oxycodone on eight separate occasions. On appeal, petitioner argues that this evidence was key to his conviction, given that the jury asked to listen to the recordings again during deliberation. Petitioner fails to acknowledge, however, that this request was denied and the jury was instructed to consider the evidence from its own recollection, as with all testimonial evidence. Accordingly, we decline to grant petitioner relief in this regard.

Next, petitioner argues that the circuit court failed to strike certain jurors for cause. Without addressing the specific allegations petitioner raises against each individual juror that he asserts establish that there "at least appear[ed] as though there could be some partiality issues[,]" we note that petitioner ultimately used his peremptory strikes on these specific jurors. We have previously held as follows:

A trial court's failure to remove a biased juror from a jury panel, as required by W. Va.Code § 62-3-3 (1949) (Repl.Vol.2010), does not violate a criminal defendant's right to a trial by an impartial jury if the defendant removes the juror with a peremptory strike. In order to obtain a new trial for having used a peremptory strike to remove a biased juror from a jury panel, a criminal defendant must show prejudice. The holding in Syllabus point 8 of *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75 (1995), is expressly overruled.

Syl. Pt. 3, *State v. Sutherland*, 231 W.Va. 410, 745 S.E.2d 448 (2013). On appeal, petitioner

4

wholly fails to allege prejudice in his use of peremptory strikes on the jurors at issue. Instead, petitioner focuses solely on his allegations that the jurors "at least appear[e]d" to be impartial and, thus, should have been stricken for cause. Without ruling on the specific issue of whether the circuit court should have stricken these jurors for cause, we find that, even assuming the jurors were biased, petitioner's right to an impartial jury was not violated because he removed the jurors in question with peremptory strikes. Accordingly, it is clear that petitioner is entitled to no relief in this regard.

Finally, petitioner argues that the circuit court's imposition of eight consecutive sentences totaling an effective term of incarceration of 8 to 120 years is disproportionate to the crimes for which he was sentenced. "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). First, it is important to note that petitioner's eight sentences of one to fifteen years of incarceration are all within the limits set forth in the applicable statute. *See* W.Va. Code § 60A-4-401(a)(i). Petitioner acknowledges this fact, as well as our prior holding that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). In regard to this holding, petitioner argues that the sentencing order herein is deficient because the circuit court failed to set forth the factors it considered in sentencing, thus rendering him incapable of determining if the sentences at issue were based on an impermissible factor. We do not agree.

Petitioner cites to no authority requiring a sentencing court to specifically enumerate in its sentencing order every factor it considered in imposing its sentence. Moreover, petitioner failed to include a transcript of the sentencing hearing in the appendix on appeal. We have held that "[t]he general rule is that there is a presumption of regularity of court proceedings; it remains until the contrary appears and the burden is on the person who alleges such irregularity to affirmatively show it." Syl. Pt. 3, *State ex rel. Godfrey v. Rowe*, 221 W.Va. 218, 654 S.E.2d 104 (2007) (citation omitted). For these reasons, we find that petitioner has failed to establish that the sentences at issue were based on any impermissible factor and we decline to grant him relief in regard to his request that the matter be remanded for additional findings.

Next, the Court finds no merit to petitioner's argument that our holding in *Goodnight* referenced above does not apply because the judge that imposed his sentence was not the same judge that presided over his trial. In support of this argument, petitioner asserts that this Court's specific language that "sentences imposed by the *trial* court" are not subject to appellate review under certain circumstances requires the same judge to preside over both trial and sentencing. Simply put, there is no holding in *Goodnight* or any of our subsequent cases to support this assertion, and petitioner cites to no such authority, beyond his own interpretation of *Goodnight*. Indeed subsequent to *Goodnight* and without including the language regarding trial courts upon which petitioner bases his argument, we have reiterated the fact that sentences such as petitioner's are not subject to appellate review. *See* Syl. Pt. 3, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701(2009) ("While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no

5

fixed maximum set by statute or where there is a life recidivist sentence." (citation omitted)); *State v. Sugg*, 193 W.Va. 388, 406, 456 S.E.2d 469, 487 (1995) ("As a general proposition, we will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute."). Accordingly, we find that petitioner's argument that, because "he was not sentenced by his trial court judge, . . . the rule barring review of sentencing announced in the *Goodnight* decision does not apply" is without merit. As such, it is unnecessary to address petitioner's argument regarding the allegedly disproportionate nature of his sentences, because the same are not subject to appellate review.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 11, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.